JEMIME VOGEL, Respondent, v. CITY OF WEST PLAINS, Appellant.

St. Louis Court of Appeals, February 15, 1898.

1. **Damages:** INJURY DUE PARTLY TO ACCIDENT AND PARTLY TO DEFECTIVE STREET: RIGHT OF RECOVERY. In this state damages may be recovered, by the injured party, for an injury caused partly from a defective street and partly from an accident ·unconnected with the defect in the street, for which accident neither the city nor the injured party is responsible, where such party is not guilty of contributory negligence.

2. **Instruction.** Instructions asked by defendant predicated on the theory of contributory negligence, of which there was no proof, and on the theory that defendant was not liable unless the injury was the result solely of the defect in the street, were properly refused.

*Appeal from the Texas Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Orchard & Hines* for appellant.

The court erred in refusing to instruct the jury that defendant was only required to keep its streets in a reasonably safe condition, and if the accident occurred when they were in such condition, 'then defendant would not be liable. *Bassett v. St. Joseph*, 53 Mo. 290; *Brown v. Glasgow*, 57 *Id.* 156; *Craig v. St. Louis*, 92 *Id.* 482.

The court also erred in refusing instruction number 3 offered by defendant. *Craig v. Sedalia*, 63 Mo. 417; *Smith v. St. Joseph*, 45 *Id.* 449; *Shanhoff v. R. R.*, 97 *Id.* 151.

Instruction number 5 offered by defendant ought to have been given. *Brown v. Glasgow, supra*, 158; *Walker v. City of Kansas*, 99 Mo. 652; *Roe v. City of Kansas*, 100 *Id.* 192.

*H. D. Green* and *A. H. Livingston* for respondent.

It is not enough to defeat the action that the accident contributed to the injury; but it must be the sole cause. *Hull v. City of Kansas*, 54 Mo. 598; *Brennan v. St. Louis*, 92 *Id.* 482; *Vogelsang v. St. Louis*, 40 S. W. Rep. 653.

BLAND, P. J.—The testimony of plaintiff and her witnesses tended to prove that she with three of her

neighbors, all residing about four miles from the city of West Plains, started late in the evening of January 8, 1895, to go to that city for the purpose of attending church services; that between 7 and 8 o'clock they arrived on Lincoln avenue in that city on their way to the church; they were traveling in a two horse hack; a dry branch or ravine ran along by the side of Lincoln avenue for some distance, made a short turn, and crossed the avenue; where it crossed, rock and brick bats had been dumped into its bed, making a crossing wide enough for a wagon to pass over; this dump or fill was two or three feet high, and was approached from the direction in which plaintiff and her companions were traveling, by a steep grade; about the time the hack struck the fill the bolt that fastened one arm of the tongue to the hack came out and the arm dropped down, causing the hack, in the language of the plaintiff "to go crooked," and the hack, with its occupants was precipitated over the bank of the fill into the ravine; plaintiff fell onto a pile of rock and was badly cut and bruised.

There was evidence that the bolt which came out was noticed by a neighbor to be out of repair some days before the accident, but no evidence that this fact was known or that notice of it was communicated to any of the persons in the hack when the accident occurred. Plaintiff's evidence also tended to prove that the fill across the ravine was rough, narrow and unsafe to cross with a wagon and team. Defendant's testimony tended to prove that the fill was wide enough for two or three wagons to pass, that it was in good condition, and that the grade of the avenue approaching it was not steep, but a gentle easy grade. One of the defendant's witnesses testified that he examined the premises the next day after the accident, and that the hack went into the ditch or ravine forty-three feet distance from the fill

and twenty-three feet from the usual and traveled road-way, and that the street opposite where the hack went into the ditch was smooth, level, in good condition, and amply wide for as many as three wagons to pass. The court gave for plaintiff the following instructions:

"The court instructs the jury that it was the duty of the defendant to keep its streets and highways in a reasonably safe condition for travel, either day or night; and if you believe from the evidence that Lincoln ave-nue was in said city of West Plains and that the same was a public street or highway, and that plaintiff was hurt at a point on said street, and that at such point said street or highway was out of repair and in an unsafe condition for travel, and that by reason of such street being in an unsafe condition and out of repair, the plaintiff was thrown out of the hack or vehicle in which she was riding or being carried and injured without fault on her part, then you should find for the plaintiff."

"That if you believe from the evidence that such street was out of repair and in an unsafe condition, and that plaintiff was injured by reason thereof, then plaintiff is entitled to recover even though such injury was the combined result of accident and the failure of defendant to keep such street in repair, unless you further find that the breaking of the hack or vehicle was the sole cause of the injury."

"That if they find the issues for the plaintiff they will, in estimating her damages, take into considera-tion the character and extent of her injuries, the men-tal and physical pain and suffering endured by her in consequence of such injuries and their permanency, if shown to be permanent, and they may find for her in such sum as, under the evidence, will be a reason-able compensation for the injury, not to exceed ten

thousand dollars." The court of its own motion gave the following instruction for defendant:

"The court instructs the jury that if you believe and find from the evidence that the accident to the hack in which plaintiff was riding was the sole cause of the accident and injury to the plaintiff, then the defendant is not liable therefor and you will find the issues for the defendant."

The court refused all instructions (five in number) asked for the defendant, to all of which defendant saved exceptions. At the close of the plaintiff's evidence, and again at the close of the testimony, the defendant offered instructions in the nature of a demurrer to the evidence, which were denied, to which rulings of the court defendant saved exceptions. Plaintiff recovered a verdict for $250, on which judgment was rendered. After unsuccessful motions for new trial and in arrest of judgment defendant appealed.

According to the testimony of the plaintiff and her witnesses her injury was from the combined result of accident to the hack and the unsafe condition of the highway, and upon that theory of the case the jury were instructed and returned their verdict. The instructions given as applied to this theory of the case were correct, and presented the law of the case.

DAMAGES: injury due partly to accident and partly to defective street: right of recovery.

It seems to be well settled law in this state that where an injury is occasioned partly as the result from a defective street and partly from an accident, unconnected with the defect in the street, for which accident neither the city or injured party is responsible, the party injured if not guilty of contributory negligence, may recover damages on account of the injury. *Bassett v. City of St. Joseph*, 53 Mo. *loc. cit.* 300; *Craig v. City of St. Louis*, 92 Mo. 482; *Vogelsang v. City of St.*

*Louis*, 40 S. W. Rep. 653. The dropping out of the bolt that fastened one prong or arm of the tongue to the axle of the hack was not occasioned by any negligence of the plaintiff; nor was this occasioned by any negligent act of the city; it was purely accidental—one of those things that will happen without human intervention and in spite of human foresight. If the accident happened at a point as testified by one of defendant's witnesses, forty-three feet from the point of defective street (the fill in the branch) and twenty-three feet from the traveled roadway and opposite a point in the street where there was no defect, then the city could not be held liable, for if this be true the injury was caused by the accident to the hack solely; but the defendant's counsel did not ask instructions on this theory of the case, but objected to the one given by the court, from which we infer that they did not give credence to this testimony.

Instructions number 1, 3, 4 and 5 asked by defendant was on the theory of contributory negligence, of which there was no proof, and upon the further theory that the city was not liable unless the injury was caused solely by reason of the defect in the street. As we have seen, this is not the law. Instruction number 2 asked by defendant is correct as an abstract proposition of law, but abstract propositions of law are seldom, if ever, proper to go to a jury in the shape of an instruction.

INSTRUCTIONS:

Discovering no reversible error in the trial of the case the judgment is affirmed. All concur.