## ANNA FRECHETTE *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

The obligation of a municipality in the care and maintenance of its highways is a governmental duty, for breach of which no action can be maintained in this State by a traveler injured thereon, except as authorized by § 1414 of the General Statutes.

The action created by § 1414 is not one for the recovery of damages based upon negligence, but for the enforcement of a penalty imposed upon the municipality for the violation of its statutory duty and measured by the extent of the injury caused thereby.

Four conditions must concur to produce this statutory liability: first, a defect in the highway, i.e., a want of sufficient repair which renders it unfit for safe use as a highway; second, a failure or neglect by the municipality, after reasonable notice and knowledge, to make such sufficient repair; third, an injury caused through or by means of the defect; and fourth, the happening of the injury to a person "in passing over a highway," i.e., while in the lawful use of the highway.

It is the duty of a municipality to maintain its highways reasonably safe for travel, in view of their proper use by the traveling public and of those events which may naturally be expected to occur as incident to that use. The municipality is not bound to anticipate every event that may possibly happen.

If an injury to a traveler is not the result of the defect alone, but of the defect combined with the traveler's own carelessness or with the culpable negligence of a third party, it cannot be said to have been caused through or by means of the defect, and, therefore, cannot be made the subject of recovery under the statute.

The fact that an accident or a natural cause concurs with a defect in a highway to produce an injury to a traveler, will not relieve the municipality of liability under the statute unless it appears —and this is the exceptional, not the usual case—that the accident or natural cause was so direct and separate in its operation that it, and not the defect, must be held to have been the essential or proximate cause of the injury, or, in other words, unless it appears that, but for the accident or natural cause, the injury would not have occurred.

The jury returned a verdict for the plaintiff upon evidence from which they might reasonably have found that the sidewalk, upon which she fell, had been substantially covered with ice and

frozen snow for more than a week under such circumstances that the defendant should have known of, and remedied, its slippery condition; and that between five and six o'clock of the evening in question, after three days of clear, cold weather, a light snow began to fall, which, by seven-thirty o'clock, had covered the ice to a depth of about one half an inch, thus increasing the dangerous condition and concealing it from the view of the plaintiff who had no previous notice of its existence and who was then using the sidewalk as a traveler in the exercise of due care. The trial court denied the defendant's motion to set aside the verdict. *Held* that the trial court did not err, since the only reasonable conclusion open to the jury was that the essential cause of the plaintiff's injuries was the pre-existing, icy condition of the sidewalk, and not the fall of snow, which was an event naturally to be expected and one that the defendant was bound to anticipate.

The defendant complained that the trial court, in its charge to the jury, presented the plaintiff's cause of action as one based upon common-law negligence. *Held* that, while it was apparent that the trial court mistook the nature of the action, nevertheless its instructions correctly and adequately set forth the essentials of the defendant's statutory liability in so far as they were in dispute; and that such errors as occurred in this respect were prejudicial to the plaintiff rather than harmful to the defendant.

A request to charge which assumes contested issues of fact, is defective and may properly be refused.

The failure of the trial court properly to charge the jury with reference to the effect upon the defendant's liability of the concurrence of a defect with a natural cause, was not harmful, since, in view of the verdict, the jury, under the instructions given, must necessarily have reached the conclusion that the pre-existing, icy condition of the sidewalk was the proximate cause of the plaintiff's injuries.

Whether or not a defect in a highway has existed a sufficient length of time to charge a municipality with notice, is a question of fact, unless the period is so long that but one conclusion can reasonably be drawn.

A weather observer testified, on behalf of the plaintiff, as to the amount of snow which fell on the earliest date when the plaintiff claimed to have proved the existence of ice and snow on the sidewalk. *Held* that his further testimony as to the amount of snow which fell at any time during the same month, was relevant and admissible.

Evidence as to the condition of the sidewalk on the day after the accident was admissible in view of the testimony that its condition remained unchanged.

If a witness, upon cross-examination, denies any recollection of hav-

ing made a certain statement, it is highly improper to inquire whether the statement, if made, was not true.

The plaintiff and one of her witnesses were asked, in effect, whether the ice upon the sidewalk was not rendered more slippery by the light fall of snow. *Held* that the trial court properly excluded these questions, since it did not appear that either witness was qualified by observation and experience to express an opinion.

Argued November 3d, 1925—decided February 23d, 1926.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Ells, J.;* verdict and judgment for the plaintiff for $7,000, and appeal by the defendant. *No error.*

*Thomas R. Robinson,* for the appellant (defendant).

*David M. Reilly,* with whom, on the brief, was *Frank W. Daley,* for the appellee (plaintiff).

WHEELER, C. J. The defendant moves to set aside the verdict, and bases its motion upon two grounds: (1) that the verdict is excessive; (2) that the evidence shows there were two causes concurring to produce the plaintiff's fall upon this sidewalk, the underlying ice and the freshly fallen snow covering the ice, and that the jury could not on the evidence have determined which of these was the proximate cause of the plaintiff's fall without indulging in speculation and conjecture. The trial court in reviewing the verdict said it was large but not excessive. We concur in this characterization, and are of the opinion that the case is one where the judgment of the trial court is entitled to great weight.

In passing upon the defendant's claim that there were two causes which concurred to produce plaintiff's injury resulting from a defective sidewalk and

therefore the municipality is not liable, we should have before us, in brief form, the facts which the jury might reasonably have found to have been proven upon which this claim must be tested. Central Avenue, at the place the plaintiff fell, was one of the streets for the care and maintenance of which the defendant was responsible. It was at this place a much-traveled thoroughfare and located in a thickly settled part of the residential section of New Haven. On February 6th, 1923, about fifty per cent. of the concrete sidewalk in front of 358 Central Avenue was covered with ice and frozen snow, and in a dangerous condition for travelers thereover, and this condition had existed for over a week prior to this date, and during this period, no part of this ice and snow was covered with sand, ashes, or other protection. The defendant ought to have known of this condition and had a reasonable time thereafter to remedy it. For three days prior to the date of the accident the highest temperature had been 24° F.; from January 28th no snow had fallen until a light snow began to fall between five and six o'clock on February 6th, and up to 7:30 p. m. this sidewalk had been covered with about half an inch of freshly fallen, light and fluffy snow. At about 7:30 p. m. of this day the plaintiff, while walking as a traveler upon this sidewalk, in the exercise of due care, and having no notice of the ice and frozen snow beneath the freshly fallen snow, slipped on a large patch of ice and old frozen snow beneath the freshly fallen snow, and suffered severe physical injuries, part of which are permanent. Upon the evidence the jury might reasonably have found that the freshly fallen snow was not a contributing cause of the plaintiff's injury, but that the icy condition of the sidewalk was the sole proximate cause of her fall, and hence the claim of two concurring causes producing the injury

would disappear. The same conclusion must be reached if the freshly fallen snow is regarded as a contributing cause of the fall.

The defendant places its contention upon the doctrine—announced by us for the first time in *Bartram* v. *Sharon,* 71 Conn. 686, 43 Atl. 143—that no action lay at common law for an injury to a traveler upon a highway, since its maintenance and care were governmental functions, but that our statute had imposed a penalty upon the municipality, measured by the actual injury caused by its disobedience of the statute, and enforceable by the person injured through an action on the statute and not by an action of negligence. The statute, first enacted in 1672 and now General Statutes, § 1414, provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair; but no action . . . shall be maintained against any . . . city, . . . unless written notice . . . be given," etc. The concurring events, upon which the municipality's liability to the penalty fixed by the statute as interpreted by us, we state to be: "1. A defect in the highway, *i.e.* by want of sufficient repair it is unfit for safe use as a highway. 2. A failure or neglect by the town to make such sufficient repair; involving the questions of reasonable notice and knowledge. . . . 3. An injury caused through or by means of the defect. 4. Such injury to a person 'in passing over a highway,' *i.e.* while in the lawful use of the way." *Bartram* v. *Sharon, supra,* at page 694. The duty of the municipality is to maintain its streets in a reasonably safe condition for travelers thereon; the care required obviously being greater over the sidewalk than over the traveled way. The State, and its agency, the municipality, fulfils its entire duty under the statute when it makes "the high-

way reasonably safe in view of its proper use, and of those events which may naturally be expected to arise as incident to that use, by the traveling public." *Upton* v. *Windham,* 75 Conn. 288, at page 292, 53 Atl. 660. The traveler upon the highway is the only person who can maintain an action for the recovery of the penalty provided by this statute, and he only, for an injury which is the direct result of a defect in the highway suffered by him when he was in the proper use of the highway, in relation to those conditions "naturally incident to its use, and which naturally expose the traveler to danger when happening where the highway is not in a reasonably safe condition." *Upton* v. *Windham, supra,* page 293. Neither the State, nor its agency, the municipality, undertakes to make the highway reasonably safe "in view of culpable negligence by the traveling public, whether it be that of the person hurt or his fellow-traveler, nor to make it safe in view of every event that may possibly happen." *Upton* v. *Windham, supra,* page 292. The reason, we say in *Bartram* v. *Sharon, supra,* at page 695, "why a person injured through his own carelessness cannot maintain an action against the town is, that the injury caused by his own carelessness is not through or by means of the defect. This reason applies with equal force when the injury is caused through the carelessness of a third person."

If an accident be a partial cause of the injury, it cannot in most cases be said that the accident was the essential cause of the injury. When the accident bears this relation to the injury, the traveler cannot maintain an action under this statute. "Almost every injury," we say in *Bartram* v. *Sharon, supra,* at page 697, "from a defect in a highway, which is not induced by wrongful human agency, must to some extent be the result of accident. The words of the statute, while

their meaning ought not to be extended, must receive a reasonable construction. The exclusion of every injury in which the law of chances plays any part, would hardly be reasonable." Where a horse upon a highway ran away, and by reason of a defect in the highway, one was injured as a result of the defect and the accident of the horse running away, the court held that the municipality would be liable provided the injury would not have been sustained but for the defect in the highway. *Vogel* v. *West Plains,* 73 Mo. App. 588; 4 Dillon on Municipal Corporations (5th Ed.) § 1698. Dillon, at § 1698, states the general rule to be: "The defect in the highway or street, whether it be snow and ice or whatever its nature, must be the direct and proximate cause of the special damage for which the corporation is made liable." We have not had before us the specific case of a defect in the highway concurring with a natural cause to produce the injury, as in this case the defect in the highway claimed to have concurred with the light fall of snow upon the icy sidewalk just prior to the plaintiff's fall in producing it. The same principle applicable in the case of an accident concurring with a defect in the highway to produce an injury, is applicable in the case of a defect concurring with a natural cause to produce the injury. In most instances of defect combined with natural cause to produce an injury, the natural cause cannot be held to be "so direct and separate in its operation, that the defect in the highway cannot be said to have been the essential cause of the injury." *Bartram* v. *Sharon, supra,* page 697. But in the exceptional case it may be. If the injury would not have occurred but for the natural cause, the defect cannot be held to have produced the injury, nor can it be held to have been the essential cause of the injury. Wherever the defect is the proximate cause of the in-

jury, the natural cause cannot be held to be a concurring cause in any sense other than that it contributed to the injury as an incidental and remote cause.

In *Lueking* v. *Sedalia,* 180 Mo. App. 203, 208, 167 S. W. 1162, the stepping-stones forming the crosswalk upon a street were covered with a light coat of newly fallen snow and were imminently dangerous to travelers. The defendant municipality argued that the newly fallen snow and not the defective state of the stones was the proximate cause of the injury to the plaintiff traveler across this crosswalk. The opinion holds: "The rule is well settled that a city is not liable for injuries resulting from the general slipperiness of its streets or sidewalks occasioned by a recent precipitation of rain or snow, . . . but it is liable in all cases where its own negligence is the sole cause of the injury or concurs with a natural cause to produce the injury. The gist of the evidence is that the light covering of new snow alone would not have produced the dangerous condition that injured the plaintiff. It required the snow plus the convex surface of the stones to lay the trap for her feet." While this case is an action of tort and not upon a statute such as ours, it is an illustration of the application of the principle we apply to the case before us, except that it applies the principle to all cases where the natural cause concurs with the municipality's negligence to produce the injury, while we apply it to all cases where the natural cause, though concurring with the defect to produce the injury to the traveler, cannot be said to have been the essential cause of the injury.

A closer application of this principle to the standard we adopt is *Kelleher* v. *Newburyport,* 227 Mass. 462, 116 N. E. 806, in which case the extraordinary slipperiness in the surface of a public street was due to the street having been oiled the day before, and its

slipperiness, increased by a rain, was held under their statute (similar to our own) to be a defect. The court comments: "If the rain of the night intervening between the oiling and the accident was the factor which created the danger, then it might have been found that the rain should have been anticipated or its effects guarded against by warning, sanding, or otherwise."

Let us apply this reasoning of the natural cause combined with the defect in the highway producing an injury to the plaintiff, a traveler. The jury could not reasonably have found that the light fall of snow, while perhaps increasing somewhat the danger of this defect, was the essential cause of the plaintiff's fall and injury; indeed, they could not have found that it was an essential cause of the injury. They must have found, because the evidence required this finding, that the defect and not the light fall of snow was the proximate cause of this injury. And the defendant city should have anticipated that there was likely to be a fall of snow, and if so, that it was liable to increase the danger from this icy sidewalk by increasing its slipperiness, and by covering the ice beneath from the view of the traveler. The trial court did not err in refusing to set aside the verdict.

The additional appeal questions the charge, the refusal to charge, and certain rulings on evidence. Defendant assigns as error that the cause of action which the trial court presented to the jury was one of common-law negligence instead of one to recover a penalty under General Statutes, § 1414. Some parts of the charge, read without reference to the rest of the charge, undeniably would justify this stricture. The charge as a whole presents the case as one under our statute, and it includes specifically and directly and unexceptionably the first and second of the elements of that

statutory action; the fourth, that the plaintiff must be found to have been a traveler at the time of her injury, was an uncontested fact in the case and was impliedly included in the charge; the third, that the injury must have been caused through or by means of the defect, was presented to the jury in such a way that, if followed, it must have produced a correct result. We shall again refer to this later in the opinion.

The court mistook the cause of action under the statute as a species of an action of negligence, and referred to it as such, and added some of the general features of a charge in an action of negligence. This did not, as it was presented, detract from the elements which the court instructed the jury comprised this action under the statute; if anything it harmed instead of helped the plaintiff. None of what the court charged regarding negligence could, so far as we can see, have prejudiced the defendant's case. The error of the trial court was not an unnatural one, nor an unusual one; in our reports may be found instances where a similar confusion has existed. The duty of the municipality under the statute as we have interpreted it bears in its elements a close resemblance to an action of negligence, while the duty imposed upon the plaintiff is that of reasonable care. Dillon on Municipal Corporations, Vol. 4 (5th Ed.) § 1693, in discussing the applicability in jurisdictions which give a common-law right of recovery of decisions in New England under these statutes, says: "Many of the questions, however, which have arisen in actions upon them are obviously general in their nature,—as, for example, the degree of care required of the plaintiff; what injuries may justly be regarded as proximately caused by the unsafe or insufficient highway; the evidence competent in such actions; and, to some extent, the rules to measure the recovery."

The defendant requested the court to instruct the jury that "the evidence shows that the condition giving rise to the plaintiff's injuries was a combination of ice and freshly fallen snow, and that the city had no notice actual or constructive of this situation, and was consequently under no duty in reference thereto." The request was properly refused; it assumes a condition of fact which it was the province of the jury to find, and its conclusion is at variance with the rule we have already discussed where two causes combine to produce an injury; in this case one of the causes being a natural one.

Defendant complains further of the charge in that it instructed the jury to find for the defendant if they found the freshly fallen snow was the proximate cause of the plaintiff's injuries, although they at the same time found that there was already some snow and ice upon the sidewalk. But if they found that the ice or frozen snow upon the sidewalk was the proximate cause of the injury, then they must further determine whether the defendant had had reasonable opportunity to remedy this condition before the accident, and whether it was negligent if it failed to do so. Unless the jury found, under all of the court's instructions, that the snow and ice upon the walk was the proximate cause of the injury, they could not find a verdict for the plaintiff. Their verdict meant that they found that the presence thereon of this snow and ice was a defect and in violation of defendant's duty to maintain the sidewalk in a reasonably safe condition. They also found that the freshly fallen snow was not a proximate cause of the plaintiff's injuries. The court failed to present to the jury whether the injuries resulted from the combined concurrence of the icy condition of the walk and the freshly fallen snow, but no harm was done, since in no

event could the jury have found that the freshly fallen snow was anything other than an incidental and remote cause. When the jury found that the proximate cause of the injury was the snow and ice already upon the walk, they reached the same result that an instruction more closely following *Bartram* v. *Sharon*, 71 Conn. 686, 43 Atl. 143, would have required. In view of the evidence and verdict, we find no harmful error in the charge.

Defendant takes exception to this instruction: "A city which makes no effort for several days after a snow storm to render an icy and much-frequented sidewalk reasonably safe for public travel, save for the partial removal of the snow by the tenant of the adjoining land, cannot be said to have discharged the full measure of its duty." The length of time a defect in a sidewalk must have existed in order to charge a municipality with notice of its existence is a question of fact; unless the period be so long that but one conclusion could result, its determination should be left to the jury. In this case the circumstances were such and the matter on this point so fully and fairly presented to the jury, that we do not understand how the jury could have applied a lesser period than the plaintiff claimed to have proved; if the court had stated this period of time instead of several days—a phrase of varying duration—a successful attack could not have been made upon this portion of the charge. We find no harmful error in this instruction. Defendant's other requests to charge seem to have been sufficiently covered in the charge; we make no further reference to them, since defendant has not argued them in brief or oral argument.

The defendant assigns as error the admission of evidence relating to the conditions existing on this sidewalk at too remote a time to be relevant. Mr. Tarr,

the weather observer, testified as to the amount of snow which fell on January 28th, this being the earliest date on which plaintiff claimed to have proved the existence of ice and frozen snow upon this sidewalk. Against defendant's objection he testified as to the days in January when snow fell and the amount of each day's fall. The evidence was relevant in corroboration of Tarr's statement of the amount of snow on the ground on January 28th, at the beginning of the last snow storm prior to the accident to plaintiff on February 6th, and also admissible as evidence tending to prove the existence of snow on the walk which might have become frozen and icy as plaintiff claimed. Drummond having testified on behalf of plaintiff as to the icy condition of this sidewalk on February 6th, and on three or four days prior thereto, was permitted to testify as to its condition on February 7th, and testified that it was then in the same condition. The condition was clearly relevant and material, no change in the condition of the sidewalk having taken place. Reshanke testified on direct examination in behalf of plaintiff as to the condition of the walk on February 2d, 3d, 5th and 6th. On cross-examination he was inquired of as to whether he regarded the walk as dangerous or otherwise on these days. Against defendant's objection, he was asked on redirect, "Q. You always considered it dangerous covering what time?" The witness answered that it was as to the four days he had testified to, that he considered the sidewalk dangerous. The question was not intended to cover any period other than that referred to on the cross-examination, and the answer restricted the dangerous condition to this period. There was no error in the admission of the question.

None of these three rulings were of enough consequence to have been assigned as error.

The plaintiff on cross-examination was inquired of if she made a certain statement to a police sergeant, and replied that she didn't remember. She was then asked, "Q. You wouldn't say now that if you did make that statement it wasn't the fact, would you?" The court excluded the question and defendant excepted. The question was not only inadmissible, but highly improper in assuming that the witness made a statement which she said she didn't remember making, and then asking if the statement was not true. Plaintiff having testified as to the condition of the ice on which she claimed to have fallen, was asked on cross-examination, "Q. Now, isn't it so, Mrs. Frechette, that you fell on this—that this ice was a great deal more slippery on account of this snow than it otherwise would be?" This was objected to as calling for an opinion, and excluded by the court as a question for the jury. As far as the facts are stated in the record, the ruling was right. The witness having been first inquired of as to her knowledge of the icy condition, had she then been inquired of as to her observation or experience, we see no reason why this question, predicated upon such observation and experience, would not have been admissible. Drummond having testified in behalf of the plaintiff as to the condition of this sidewalk, was inquired of on cross-examination, "Q. Isn't it your experience that ice covered with snow is a great deal more slippery than it is when it has no snow on it?" The question was excluded and defendant excepted. Until it had been established that the witness had had such experience which would qualify him to express an opinion as to the matter inquired of, it was properly excluded. Had the witness testified to having had such experience, the question would have been admissible.

There is no error.

In this opinion the other judges concurred.