## MARIE SMITH
*vs.*
## CITY OF MERIDEN

Superior Court          New Haven County          File No. 63604
                        (At Meriden)

MEMORANDUM FILED JULY 6, 1943.

*Lewis J. Somers,* of Meriden, for the Plaintiff.

*Watrous, Gumbart & ·Corbin,* of New Haven, for the Defendant.

MUNGER, J. The plaintiff sustained an injury as result of a fall on the sidewalk of Yale Street, on January 28, 1943.

In this action she claims that the highway was defective. The sidewalk consisted of flagstones and the defect alleged is that upon the day of the injury the flagstones were uneven and raised above the others. In substance, the plaintiff says, and the evidence supports the allegation, that as she walked along the sidewalk on this day one of the flagstones with which the sidewalk was laid was raised above the adjoining flagstone from one to two inches in height. Plaintiff says as.

she traversed this sidewalk she struck her foot against the stone which was raised and was caused thereby to fall.

It is undisputed that near the tree shown in plaintiff's Exhibit E the flagstone was raised to a height of two inches above the adjoining flagstone. The plaintiff proceeded along the walk and struck her foot against the protruding flagstone which was so near to the tree that when she began to fall she attempted to grab, as she said, the tree. There can be no uncertainty as to the point where the plaintiff fell and there can be no uncertainty since it is undisputed that the flag at this point was raised two inches above the adjoining flag. Clearly the maintenance of the sidewalk in this condition rendered it defective and the evidence is clear that this condition had existed for at least a year. One witness testified, without objection, that it appeared that the roots of the tree extended under the stone and had caused it to rise. The cause, however, is unimportant. The fact is that there was a defect in the walk.

No evidence has been offered of any contributory negligence on the part of the plaintiff.

The injury occurred at about ten o'clock a.m. At the time a very fine snow was falling which had begun early that morning and a wind was blowing. The snow is described as a fine, powdery snow, and at the time of the injury covered the walk with an estimated thickness of two inches.

The defendant cites chapter 93 of the Special Laws of 1915, which provides that the City of Meriden "shall in no case be liable for any injury occasioned by ice or snow upon the sidewalks of said city, except in cases where there is a structural defect in such walks of a character to render the same more dangerous by reason of ice or snow thereon."

The defendant can derive no benefit from this charter provision unless the court should find that it was the presence of snow or ice upon the sidewalk which was the proximate cause of the plaintiff's fall. The instant case does not show any such fact. On the contrary, it clearly appears that the sole proximate cause of the fall sustained by the plaintiff was the defect in the sidewalk. Her evidence is express that as she walked along her right foot struck against the stone which was higher than the adjoining flag. This stone, as before stated, is shown to have been raised two inches above the ad-

joining flag. There is no evidence that the cause of the plaintiff's fall was a slip upon the snow. If the presence of the snow, being light and powdery, did in fact obscure the rise in the flagstone it certainly would not prevent the plaintiff from tripping against it. She struck it as she said "very hard." It cannot, indeed, be found that any slippery condition occasioned by the snow had anything whatever to do with her fall and hence it must be and is found that the sole proximate cause of the plaintiff's injury was the structural defect in the sidewalk resulting from the condition above described.

The case is governed clearly by *Messina vs. City of New Haven,* 119 Conn. 166. The facts in that case are almost identical with those in the instant case. Indeed, it is not often that the magistrate in struggling with the perplexities involved in disputed issues finds so sure, and it may be said, so comforting a guide as this case affords. The plaintiff therein was injured as result of stepping into a hole in the sidewalk which was covered by the fall of snow about two inches in depth. In that case the injury occurred about eight a.m. on the morning of December 18th and there had been a snow storm on the afternoon of December 17th which continued until three a.m. the following morning. The court said (p. 168): "Where, however, the injury is the result of a defect combined with an accident—in the sense of an occurrence for which no one is responsible—or a natural cause which was a natural incident of the use of the highway, the municipality is liable unless it appears that the accident or natural cause was so direct and separate in its operation that it, and not the defect, must be held to have been the essential or proximate cause of the injury. *Frechette v. New Haven,* 104 Conn. 83, 132 Atl. 467; *Jennes v. Norwich,* 107 Conn. 79, 140 Atl. 119. The facts in each of these cases were strikingly similar to those in the present case. In each case the plaintiff's injuries were caused by a defect in the sidewalk combined with a natural cause—in the one case a fall of snow and in the other an ice storm—which, however, had occurred so shortly before the accident that the city could not be held to have had notice sufficient to render it liable for injuries caused by that alone. We held that the fact that the fall of the snow, in the one case, and the ice storm in the other, concurred with the pre-existing defect did not prevent the defect from being found to be the proximate cause of the

injury. We said in the *Frechette* case (p. 89): "In most instances of defect combined with natural cause to produce an injury, the natural cause cannot be held to be so direct and separate in its operation, that the defect in the highway cannot be said to have been the essential cause of the injury."

The defendant in its brief says: "The only reasonable conclusion we submit that can be reached on the basis of the plaintiff's evidence is that she claims that it was the presence of the snow *combined* with the stub-toe that caused her to fall."

If the defendant means by this that the snow was the primary and proximate cause of the plaintiff's injury it can only be said that the facts are quite otherwise because the structural defect in the sidewalk was the proximate cause of the injury, and if combined with the fact that there was sufficient snow upon the walk too obscure the presence of the defect, the defendant is of course liable whether under the charter provision above quoted or upon the statutes, the law which must be applied being that of *Messina vs. City of New Haven,* above quoted. I think, therefore, the liability of the city has been clearly shown arising from a defect in the highway as above stated, which was the proximate cause of the plaintiff's injury.

The special damages which have been shown are the following: for doctors and hospital, $604; for nursing, $300; for loss of earnings (20 weeks), $200; for loss of future earnings, $668; and I think a fair award for general compensation, as nearly as can be estimated, is $1,750.

The plaintiff is 74 years of age. Her life expectancy is six and eight-tenths years. Before the injury she was described as a woman who was spry and active. She suffered a fractured hip, was in the hospital for five weeks and after her return to her home was in a wheel chair in part and in part in bed for about three months. She has suffered a permanent disability of 25 per cent and now walks with a cane. At the time of the injury she was keeping house for her son, whose wife had died and who had a young daughter, and the evidence offered was that he paid her $25 a week.

She has claimed injury to her earning capacity but I am wholly unable to find that any such sum of $25 a week was a reasonable measure of her earning capacity. As a house-

keeper, under the circumstances, living with her son at his house, no more than $10 a week could be found to be reasonable as the value of her earning capacity. Plaintiff claims to recover for loss to her earning capacity of 25 per cent. I find that $10 per week would be a reasonable measure of her earning capacity and that upon the claim made of damages amounting to 25 per cent of this earning capacity, the amount due would be $130 per year which would be 25 per cent of her fair earning capacity for the remaining expectancy of life. This, then, would give $868, less a reasonable deduction for contingencies such as illness of $200.

If the progress of the plaintiff from her seat in court to the witness chair is a fair and reasonable demonstration of her ability to walk—and I think that fact must be found—she has certainly suffered a grievous injury.

Judgment may enter for the plaintiff to recover of the defendant $3,522 damages.