[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPORTIONMENT DEFENDANTS' MOTIONS TO DISMISS
On July 24, 2000, the plaintiff, Paula LaPinsky, filed a one-count complaint against the defendant, James S. Tagliarini, to recover damages for injuries she allegedly sustained as the result of a motor vehicle accident. In her complaint, the plaintiff alleges that the defendant negligently and carelessly drove his motor vehicle into the rear of the plaintiffs motor vehicle while on the Exit 6 ramp off I-84 westbound in Danbury.
On October 13, 2000, the defendant filed a two-count apportionment complaint against James Sullivan, the commissioner of transportation of the state of Connecticut, and the city of Danbury pursuant to General Statutes §§ 13a-144 and 13a-149, alleging, inter alia, that the accident was caused by an icy condition on the exit ramp. The defendant further alleges that both the commissioner and the city failed to maintain the ramp in a safe condition thereby breaching their duties under §§ 13a-144 and 13a-149, respectively.
On November 22, 2000, the commissioner of transportation filed a motion to dismiss count one of the defendant's apportionment complaint, along with a supporting memorandum of law, arguing that the court lacks subject matter jurisdiction.
On December 4, 2000, the city of Danbury filed a motion to dismiss count two of the defendant's apportionment complaint, along with a supporting memorandum of law, arguing that the court lacks subject matter jurisdiction. CT Page 9233
On December 11, 2000, the defendant filed separate objections to both motions to dismiss. Both the defendant and the commissioner have filed subsequent replies.
The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book §10-31(a). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991); see also Practice Book § 10-31. "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
I. Whether the Defendant May Apportion Liability to the Commissioner of Transportation Under General Statutes § 13a-144
In count one of his apportionment complaint, the defendant seeks to apportion liability to the commissioner of transportation on the basis that the commissioner breached his duty to maintain the highways in a safe condition pursuant to § 13a-144.[1] The defendant specifically alleges that any injuries sustained by the plaintiff "were caused, in whole or in part, by the negligence of the [commissioner]." (Apportionment complaint, count one, ¶ 9.) In his motion to dismiss the apportionment complaint, the commissioner argues, inter alia, that this court lacks subject matter jurisdiction because the commissioner is protected from apportionment liability under the doctrine of sovereign immunity. The commissioner argues that because the apportionment complaint is based upon common law negligence, the commissioner is protected under the doctrine of sovereign immunity.
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases . . . and that since the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state." (Citations omitted; internal quotation marks omitted.) White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990). "The modern rationale for the doctrine [of sovereign immunity] . . . rests on the . . . ground that the subjection of the state and federal governments to private litigation might constitute a serious interference with the performance of their functions CT Page 9234 and with their control over their respective instrumentalities, funds and property." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134,165-66, 749 A.2d 1147 (2000). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody, N.E., Inc. 239 Conn. 93, 99,680 A.2d 1321 (1996).
It is clear that the first count of the apportionment complaint seeks to apportion liability to the commissioner for breach of his statutory duty as prescribed by § 13a-144, despite the commissioner's contention that the first count of the apportionment complaint sounds in common law negligence.[2] Generally speaking, "[s]ection 13a-144
imposes liability on the commissioner for injuries occurring on any defective highway, bridge or sidewalk which it is the duty of the commissioner to . . . keep in repair." (Internal quotation marks omitted.) Amore v. Frankel, 228 Conn. 358, 366-67, 636 A.2d 786 (1994). It is also important to note that § 13a-144 acts as a statutory waiver to the state's sovereign immunity. See id., 365 ("when a plaintiff alleges sufficient facts to comport with the legislative waiver contained in § 13a-144, the complaint will withstand a challenge by the state on the basis of sovereign immunity"). Thus, "under § 13a-144, whenever it is shown that the commissioner has a legal duty to repair or maintain a particular [road], he [or she] is subject to liability for injuries occurring thereon which are caused by negligence in performing that duty." (Internal quotation marks omitted.) Id.
While § 13a-144 provides an individual with a cause of action against the state for injuries sustained as a result of a defective highway which is the duty of the commissioner to keep in repair, the decisive issue is whether § 13a-144 constitutes a statutory waiver of the state's sovereign immunity for the sole purpose of apportionment liability. General Statutes § 52-102b (a) provides, in part, that "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages. . . ." General Statutes § 52-572h (o) states that "[e]xcept as provided in subsection (b) of this section, there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence including, but not limited to, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute, except that liability may be apportioned among parties liable for negligence in any cause of action created by statute based on negligence including, but not limited to, an action for wrongful death pursuant to section 52-555 or an action for CT Page 9235 injuries caused by a motor vehicle owned by the state pursuant to section52-556." "The general effect of [§ 52-572h (o) is] to make clear that the apportionment principles of § 52-572h do not apply where the purported apportionment complaint rests on any basis other than negligence, and that these other bases include, without limitation, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute." (Internal quotation marks omitted.) Allard v. Liberty Oil Equipment Co., 253 Conn. 787, 801,756 A.2d 237 (2000).
In his objection to the commissioner's motion to dismiss, the defendant argues that because he has alleged that the commissioner breached his duty under § 13a-144, and because there is no distinction between § 13a-144 and common law negligence, apportionment of liability is permissible under § 52-572h. The defendant cites to Steele v.Stonington, 225 Conn. 217, 622 A.2d 551 (1993), wherein the court held that "although the cause of action under § 13a-149 is predicated upon a defective highway, we have long held that the municipality's liability under the statute resembles liability for negligence." Id., 220, citingBacon v. Rocky Hill, 126 Conn. 402, 404, 11 A.2d 399 (1940); Frechettev. New Haven, 104 Conn. 83, 87-90, 132 A. 467 (1926). The court inSteele also held that "[i]f a difference does exist between an action predicated on the municipal highway defect statute and negligence, that difference, except for the requirement that the plaintiff act with due care, is paper thin." Steele v. Stonington, supra, 225 Conn. 220. The defendant concludes that because § 13a-144, like § 13a-149, is a highway defect statute grounded in negligence, apportionment is proper.
Our appellate courts have yet to address the issue of whether a negligent party may apportion liability to the state under § 13a-144. Furthermore, there is a split of authority within the Superior Court. The defendant asks this court to adopt the holding set forth in Eurto v.Hyjek, Superior Court, judicial district of Rockville, Docket No. 661158 (April 28, 1997, Rittenband, J.) (19 Conn.L.Rptr. 411), wherein the court held that "there is a waiver of immunity under . . . § 13a-144
which permits the state to be an apportionment defendant under §52-572h. . . ." Id., 413. In reaching its conclusion, the Eurto court reasoned that because the Supreme Court in Steele v. Stonington, supra,225 Conn. 217, found that the difference between an action brought pursuant to § 13a-149 and an action on brought in common law negligence is paper thin, "it could easily be construed that the difference between negligence and . . . § 13a-144 is no difference at all because § 13a-144 holds the state liable through its `neglect ordefault.'" Eurto v. Hyjeck, supra, 19 Conn.L.Rptr. 413. The court further held that "the distinction between negligence and § 13a-144
is a distinction without a difference." Id. CT Page 9236
In his reply to the defendant's objection, the commissioner argues that § 13a-144 is not based upon negligence for the purposes of §52-572h. The commissioner cites to White v. Burns, supra, 213 Conn. 307, wherein the court held that "[t]he circumstance that § 13a-144
incorporates a similar standard to that used in common law negligence does not mean that the cause of action is one in negligence; it is still clearly one for a breach of a statutory duty by the commissioner [of transportation]. Even where liability attaches to the commissioner under § 13a-144, it is not because of any tort committed by him against the plaintiff, but because of his breach of his statutory duty under the statute." Id., 323. The court further held that "[t]he words `neglect' and `default,' as used in the statute, do not alter that consequence. . . ." Id.
Based upon the holding in White v. Burns, the court finds that §13a-144 is not a "statute based on negligence" for the purposes of apportionment under § 52-572h. The court further finds that the Supreme Court's holding in Steele v. Stonington is not in conflict with this court's position. First, it should be noted that the holding inSteele was predicated upon § 13a-149, which is the municipal highway defect statute, as opposed to § 13a-144, which is the state highway defect statute. But cf. Serrano v. Burns, 248 Conn. 419, 426, 727 A.2d 1276
(1999) (recognizing that §§ 13a-144 and 13a-149 are similar and are "subject to the same limitations"). Second, even if this court agrees with the defendant's argument that the holding in Steele should apply to § 13a-144, as well as § 13a-149, it is important to point out that the court in Steele nevertheless recognized that there is adifference between § 13a-149 and actions brought under common law negligence, even though that difference may be "paper thin." Finally, inCampbell v. Vining, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348341 (June 19, 1998, Skolnick, J.) (22 Conn.L.Rptr. 327), the court stated, in a footnote, that "[t]he defendants have cited Steele v. Stonington . . . for the proposition that there is no difference between liability under § 13a-144 and liability for negligence.Steele, however, does not go so far. Rather, it stands for the proposition that when analyzing the duty owed under § 13a-149, negligence principles can be instructive." (Citation omitted.) Id., 327 n. 1.
In addition to White v. Burns and Campbell v. Vining, this court is also persuaded by Adams v. Champagne, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061154 (May 20, 1998,Corradino, J.), wherein the court held that "[i]t is true that §13a-144 refers to a neglect standard in the actual application of that CT Page 9237 statute. . . . But the basis of the assertion of liability rests on the statute not on common law negligence — at common law the state has immunity." (Citation omitted.) Id. Thus, "an action under [§ 13a-144] is not one based on `negligence' for § 52-572h purposes." Id.
In light of the foregoing, the court finds that § 13a-144 is not a statute grounded in negligence as required by § 52-57h and, therefore, the commissioner may not be apportioned for liability pursuant to § 52-102b. Accordingly, the court hereby grants the commissioner's motion to dismiss count one of the apportionment complaint.
II. Whether the Defendant May Apportion Liability to the City of Danbury Under General Statutes § 13a-149
In count two of his apportionment complaint, the defendant seeks to apportion liability to the city of Danbury on the basis that the city breached its duty to maintain the highways in a safe condition pursuant to § 13a-149.[3] The defendant specifically alleges that any injuries sustained by the plaintiff "were caused, in whole or in part, by the negligence of the [city of Danbury]." (Apportionment complaint, count two, ¶ 7.) In his motion to dismiss count two of the apportionment complaint, the city argues, inter alia, that this court lacks subject matter jurisdiction because the city is protected from apportionment liability under the doctrine of sovereign immunity. The city argues that because apportionment applies only to negligence actions, and because § 13a-149 is not based on negligence, apportionment is improper.
The city also argues that apportionment is improper because a municipality is not liable under § 13a-149 unless the road or highway defect is the sole proximate cause of the plaintiffs injury.
Generally, "[a] town is not liable for highway defects unless made so by statute. . . . Section 13a-149 affords a right of recovery against municipalities. . . . Under § 13a-149, [a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." (Citations omitted; internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330, 341,766 A.2d 400 (2001); see also General Statutes § 52-557n (a)(1)(C) ("no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149").
Like the commissioner of transportation, the defendant may not apportion liability to the city pursuant to § 52-102b. See, e.g.,Serrano v. Burns, 248 Conn. 419, 426, 727 A.2d 1276 (1999) (recognizing that §§ 13a-144 and 13a-149 are similar and are "subject to the same CT Page 9238 limitations"). As previously discussed, under § 52-102b, apportionment is proper only in civil actions where § 52-572h
applies. As noted above, § 52-572h (o) states that "[e]xcept as provided in subsection (b) of this section, there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence including, but not limited to, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute, except that liability may be apportioned amongparties liable for negligence in any cause of action created by statutebased on negligence including, but not limited to, an action for wrongful death pursuant to section 52-555 or an action for injuries caused by a motor vehicle owned by the state pursuant to section 52-556." (Emphasis added.) "The general effect of [§ 52-572h (o) is] to make clear that the apportionment principles of § 52-572h do not apply where the purported apportionment complaint rests on any basis other than negligence, and that these other bases include, without limitation, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute. . . ." (Internal quotation marks omitted.) Allard v. Liberty Oil Equipment Co., supra,253 Conn. 801.
Our Supreme Court has held that the comparative negligence statute, § 52-572h, "does not apply to actions for personal injuries based on General Statutes § 13a-149. It is settled law in this state that the liability of the defendant under § 13a-149 is purely for breach of a statutory duty and does not arise from negligence. . . . The liability imposed under § 13a-149 was one not known to the common law." (Citations omitted.) Lukas v. New Haven, 184 Conn. 205, 212, 439 A.2d 949
(1981). "Had the legislature intended the comparative negligence statute to apply to actions brought under § 13a-149, it could have explicitly done so by including specific language to that effect." Id. While Lukas did not involve a claim for apportionment, its language is instructive nonetheless because it specifically held that § 52-572h does not apply to actions brought pursuant to § 13a-149.
There is no appellate authority addressing the issue of whether a defendant may apportion liability to a municipality in situations where the defendant alleges that the municipality breached its duty under § 13a-149.[4] The majority of Superior Court decisions have held that a defendant may not apportion liability against a municipality under § 13a-149. See Ladson v. Kennedy, Superior Court, judicial district of New London at New London, Docket No. 554697 (November 28, 2000,Hurley, J.T.R.); Leahy v. Fine, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160419 (May 28, 1998, D'Andrea,J.); Frye v. Toyota Motor Credit Corp., Superior Court, judicial district CT Page 9239 of Fairfield at Bridgeport, Docket No. 345615 (April 6, 1998, Melville,J.) (21 Conn.L.Rptr. 650); Ortiz v. Clemmons, Superior Court, judicial district of Danbury, Docket No. 325799 (November 4, 1997, Stodolink, J.) (20 Conn.L.Rptr. 690); Bradley v. Randall, Superior Court, judicial district of Windham, Docket No. 052173 (April 8, 1996, Sferrazza, J.) (18 Conn.L.Rptr. 636), aff'd, 45 Conn. App. 924, 696 A.2d 1323, cert. denied, 243 Conn. 923, 701 A.2d 339 (1997). Other Superior Court decisions have held that § 52-572h permits a defendant to apportion liability to a municipality pursuant to § 13a-149. See Theriault v.The Star of the Sea Church, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 477915 (September 15, 1997, Stengel, J.) (20 Conn.L.Rptr. 535); Quiroz v. Bienvenida, Superior Court, judicial district of Waterbury, Docket No. 126133 (May 13, 1996, Pellegrino, J.) (17 Conn.L.Rptr. 110).
In this case the court adopts the opinion set forth in the majority of Superior Court decisions which is that apportionment is deemed to be improper where § 13a-149 is alleged. Because § 52-102b permits apportionment only in situations where § 52-572h is applicable, and because § 13a-149 does not fall within the purview of § 52-572h;Lukas v. New Haven, supra, 184 Conn. 212; the defendant may not apportion liability to the city of Danbury. Accordingly, the court hereby grants the City of Danbury's motion to dismiss count two of the apportionment complaint.
In light of the foregoing, the court hereby grants the motion to dismiss of both the Commissioner of Transportation and the City of Danbury.
By the Court,
Joseph W. Doherty, Judge.