DAVID A. LOUNSBURY *vs*. CITY OF BRIDGEPORT.

Third Judicial District, Bridgeport, April Term, 1895. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY AND HALL, Js.

The loss by a husband of his wife's services, comfort and conjugal society, and the expenses incurred by him for her medical care and treatment, caused by personal injuries received by her by reason of a defective highway, is not an injury to his "person or property" within the meaning of those words as used in § 2673 of the General Statutes, and consequently gives him no statutory right of action.

Aside from the injury to his wife and the loss sustained by him in consequence thereof, the plaintiff, in his complaint, alleged the legal duty of the defendant to keep the highway in repair and free from defects; that the street was out of repair and defective, by reason of an open sluice, gutter, or waterway, at the intersection of a certain cross-walk and sidewalk on said street; that such defect was occasioned by the unskillful and negligent construction of the cross-walk by the defendant and had long existed to its knowledge; that at the time of the accident the defect was improperly and negligently left by the defendant unguarded and without any signal or warning of danger; and that due notice was given the defendant, in the manner prescribed by statute, of the injuries, the nature and cause thereof, and the time and place

of their occurrence. *Held* that the cause of action thus alleged must be regarded as one founded upon the statute.

[Argued May 1st—decided June 22d, 1895.]

ACTION to recover damages by a husband for the loss of his wife's services, comfort and society, by reason of her injuries occasioned by a defective highway; brought to the Superior Court in Fairfield County and reserved by the court, *Robinson, J.*, upon the defendant's demurrer to the complaint, for the advice of this court. *Defendant's demurrer sustained.*

The case is sufficiently stated in the opinion.

*Daniel Davenport* and *Howard H. Knapp*, for the defendant.

The objection to the complaint lies in the fact that the damages sought to be recovered therein, are not such as the city is liable for, either at common law or by statute, for failing to keep a highway in repair. They are *consequential* damages to the plaintiff, resulting to him from the injury to another person, which in turn resulted from the defect of a highway.

These principles of law are clearly established: First, that where the duty is one imposed by the sovereignty of the State, upon all its municipal corporations for the welfare of all the citizens of the State, it is a governmental duty. Second, that a municipal corporation is not liable for any damage to an individual, resulting from the failure to perform a public governmental duty, beyond such as is provided by the legislature, which imposes the duty. Third, that where the legislature has defined what damages may be recovered from a municipal corporation for its neglect to perform a governmental duty, it impliedly excludes all other damages. *Hart* v. *Bridgeport*, 13 Blatch. 289 ; *Jewett* v. *New Haven*, 38 Conn., 387.

This court held in *Chidsey* v. *Canton*, 17 Conn., 475–480, that neither by virtue of the common law, nor by statute, is a town, whose duty it is to maintain and keep in repair a bridge and railing within its limits, liable for the *consequential* damages, such as the loss of service, expense of nursing, etc., resulting to a person from injuries to his wife and

daughter, by reason of defects in such bridge and railing. The change of the wording of the statute in the Revision of 1875 did not alter its meaning. Instead of saying "if any person shall lose a limb, break a bone, or receive any bruise," etc., the revisers, for the sake of condensation merely, said that "any person injured in person or property," etc. This did not extend the liability of the municipality. *Harwood* v. *Lowell*, 4 Cush., 310. See also *Reed* v. *Belfast*, 20 Me., 246; *State* v. *Hewett, et al.*, 31 id., 396; *Weeks* v. *Shirley*, 33 id., 271; *Brown* v. *Watson*, 47 id., 161.

There is no distinction between a claim to recover damages for a total neglect to perform an admitted public duty, and for a neglect to perform it properly and with due care. *Eastman* v. *Meredith*, 36 N. H., 300; *Hill* v. *Boston*, 122 Mass., 353; *Howard* v. *Worcester*, 153 id., 426.

*John J. Phelan* and *Edward P. Nobbs*, for the plaintiff.

I. The present statute (General Statutes, § 2673), relative to the liability of towns for damages to persons injured by reason of defective highways, is a very different statute from that which was construed by this court in 1846, in the case of *Chidsey* v. *Canton*, 17 Conn., 475. The phrase "or property," as used in the Revision of 1875, cannot be said to be equivalent in interpretation, substance, and meaning with the words construed in *Chidsey* v. *Canton*, unless a gross misconception and misuse of words by the revisers and legislature be regarded by this court as immaterial, in harmonizing apparently repugnant or inconsistent language. The revisers and legislature acted, in the adoption of the changed statute, with full deliberation and with knowledge of the construction of this court upon the old statute, and of the reasons given for the limited liability of towns. The language used in the revised statute is only consistent with an intelligent effort to change the law in essentials.

A revision implies that it entirely takes the place of former statutes. Sutherland on Stat. Construction, 154–156; *Barker* v. *Bell*, 46 Ala., 221; *Saw and Planing Mill Co.* v. *Flournoy*, 88 Va., 1029; *State* v. *Conkling*, 19 Cal., 501; *Wakefield*

v. *Phelps*, 37 N. H., 295; *Clay* v. *Chickasaw Co.*, 64 Miss., 534; Sedgwick on Con. of Stat., 365, 6; 23 Amer. & Eng. Ency. of Law, 483–486.

II. But independent of the statute the plaintiff can recover. Municipal corporations may have in the exercise of discretionary powers the right to determine whether a public work shall be undertaken or not, and for a neglect to exercise this discretion there is no liability. When, however, it does an act lawful in itself, in such a manner as to create a nuisance, it is liable in the same manner as an individual would be. *Mootry* v. *Danbury*, 45 Conn., 550; *Danbury & Norwalk R. R. Co.* v. *Norwalk*, 37 id., 109; 1 Harris on Damages by Corporations, § 102; Elliot on Roads and Bridges, 366; *Jones* v. *New Haven*, 34 Conn., 14; 2 Dillon on Mun. Cor., 4th Ed., 1024 and 1048–60, note; *Gould* v. *Topeka*, 32 Kan., 493; *Jenney* v. *Brooklyn*, 120 N. Y., 167; *Van Pelt* v. *Davenport*, 42 Iowa, 313; *Ferguson* v. *Davis*, 57 id., 608; *Perry* v. *Wooster*, 6 Gray, 547; *Lehn* v. *San Francisco*, 66 Cal., 76; *Lambert* v. *Pembroke* (N. H.), 23 Atl. Rep., 81; *Easton* v. *Neff*, 102 Pa. St., 477; *Indianapolis* v. *Scott*, 72 Ind., 199; 9 Amer. & Eng. Ency. of Law, 376.

TORRANCE, J. This is an action brought by a husband to recover damages resulting to him from injuries to his wife, caused by a defective highway in the city of Bridgeport. The complaint alleges in substance, that on the day of the injury to the wife, it was by law the duty of the defendant to keep Main street in said city in repair and free from defects; that on said day said street was out of repair and defective, in that there was an open sluice, gutter, or waterway, at the intersection of a certain cross-walk with a sidewalk on said street, and having the appearance of a hole in said cross-walk; that said defect was occasioned by the unskillful and negligent construction of said cross-walk by the defendant, and had existed for a long time to its knowledge; that said defect was on said day improperly and negligently left unguarded, and without any signal or warning of danger; that the wife of the plaintiff, without negligence on her part,

fell into said hole and sustained severe physical injuries ; that the plaintiff, in consequence thereof, had been deprived of her services and conjugal society, and compelled to expend a large sum of money for her necessary medical attendance, medicine and nursing ; and that the statutory notice required in such cases had been given to the defendant.

To this complaint the defendant demurred ; first, because the facts stated set out no cause of action ; second, because it did not appear in the complaint that the plaintiff had sustained any injury in person or property.　The questions raised by the demurrer were then reserved for the advice of this court.

Before discussing the question whether, under § 2673 of the General Statutes, the husband can recover for damages of the kind here sought, it may be well to dispose of the claim of the plaintiff that his complaint may be regarded either as one brought under that section, or as one brought to recover damages for injuries resulting to him from the negligence or wrong of the defendant, independently of the statute.

An inspection of the complaint shows that the duty really set forth in it is the duty imposed by the statute upon the defendant, to keep the street in repair and free from defects, and not some duty arising out of its undertaking to construct a cross-walk under its charter ; and the violation of duty alleged is that the defendant failed to keep the street in repair and free from defects, and not that it unskillfully and negligently exercised some power given by its charter.　Taking the complaint as a whole, we think it must be regarded as one brought under the statute.

The principal question in the case is whether, under our statute, damages of the kind here sought can be recovered. The section in question (2673) provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."

That the duty imposed by the statute upon the defendant is a governmental duty ; that the liability imposed for a breach of that duty is wholly a statutory one ; and that the

damages to be recovered for injuries resulting from such a breach can be only such as are prescribed by the statute, are propositions so well established that it would be superfluous to cite authorities in support of them.

That damages of the kind here in question could not be recovered under the statute upon this subject, as it stood prior to the Revision of 1875, was decided in *Chidsey* v. *Canton*, 17 Conn., 475 ; and that case is decisive of this against the plaintiff, as is admitted in the brief of his counsel, unless the present statute is so different from the former as to warrant or necessitate the construction for which the plaintiff contends. The former statute read as follows: " Sect. 6. If any person shall lose a limb, break a bone, or receive any bruise, or bodily injury, by means of any defective bridge or road, the town * * * which ought to keep such road or bridge in repair, shall pay to the person, so hurt or wounded, just damages. Sect. 7. If any horse, or other beast, or any cart, carriage, or other property, shall receive any injury or damage, by means of any defective road or bridge, the town * * * which ought to keep such road or bridge in repair, shall pay to the owner of such beast, or property, just damages." Revision of 1866, p. 493.

These provisions, in substantially the same form and language as above given, appeared in the first printed edition of the statutes of this State, over two hundred years ago, (Statutes 1808, p. 120, note 1); and they remained substantially in the same form as first printed, down to the time of the Revision of 1875. In that revision the statute was changed so as to read substantially as it now appears in § 2673 of the present revision, hereinbefore recited.

The plaintiff, in substance, claims that the change of language in the Revision of 1875, clearly indicates a change of meaning, greatly enlarging the liability of towns and other municipalities for injuries caused by defective highways; and this claim is based wholly upon the change of phraseology. He argues that the legislature in adopting the statute in its present form, acted with full knowledge of the construction which had been put upon the old one in *Chidsey* v.

*Canton;* and says that if it had intended to continue the old liability it would have "continued to use the adjudicated words, or others of equally apt import." This argument is certainly entitled to weight, but we think its force is entirely overcome when the circumstances under which this change of phraseology was made, are taken into consideration.

Down to the year 1875, when this change of phraseology was made, it had certainly been the settled policy of this State to limit the liability of towns for injuries arising from defective highways. This policy was adopted chiefly for the reason that the duty to repair highways was a governmental duty, imposed by law upon towns for the benefit of the citizens at large. This somewhat limited liability had remained substantially the same, for more than two hundred years prior to 1875, and it is not to be presumed, without good and substantial reasons therefor, that the revisers, or the legislature in adopting their work, meant to make a radical change in that liability.

In the preface to the Revision of 1875 the revisers include the report made by them to the legislature in 1874; and in that report, after expressing their belief that the revision can be brought within the compass of one volume, they say: "In order to attain this result we have not only made the omissions and changes already indicated, but have carefully gone over every section of our existing laws, striking out all unnecessary verbiage and repetitions, and condensing every expression which we thought susceptible of it." This doubtless shows why many of the changes in that Revision were made; they were made for the purpose of condensation, and not for the purpose of changing the law. The revisers condensed the two sections of the former law relating to the liability of towns for defective highways, into one section; and they substituted the words "injured in person or property," for the verbiage and tautology of the old statute. When they made this substitution, the revisers had before them the eighth section of the chapter which they were then engaged in revising, Revision of 1866, Title 31, Chap. 1, § 8, p. 493; and that section described the objects, so to speak,

of the statutory liability, by the very words "in * * * person or property" which the revisers adopted in condensing sections six and seven of the same chapter. This section, eight, was first passed in 1801, and provided for the erection of railings or fences on the sides of bridges and highways in certain cases; and in the Revision of 1866 it provided as follows: "If any person shall suffer any damage in his person or property, by reason of the want of any such railing or fence, or of any defect in the same, such town * * * shall pay to him, who shall so suffer, just damages." Moreover the words "in his person or property" as used in this eighth section, had been construed in *Chidsey* v. *Canton* as imposing the same extent of liability as was imposed by the sixth and seventh sections of the same Act. "By the expression 'damage in his person or property,' must be understood such damages as are specified in the preceding parts of the statute relating to like injuries." *Chidsey* v. *Canton,* 17 Conn., 475–480. When therefore, under these circumstances, the revisers and the legislature changed the language of sections six and seven to correspond with the language of section eight, the presumption is very strong that the change was made for purposes of condensation and uniformity, and not to make a radical change in the law; and this presumption, we think, overcomes tne force of one based on the fact of a mere change of phraseology.

A change of language in a statute does not necessarily import a change of meaning. "Whether, where a change is made in the language of a statute, a change of meaning is also intended, must depend largely upon the facts and circumstances of each particular case. The change in words may be the effect or result of many causes other than an intent to change the meaning of the law. Hence the presumption of a change of intention from a change of language is of no great weight, and must mainly depend on the intrinsic differences as resulting from the modifications. A mere change in the words of a revision will not be deemed a change in the law, unless it appears that such was the intention. The intent to change the law must be evident and cer-

tain; there must be such a substantial change as to import such intention, or it must otherwise be manifest from other guides of interpretation, or the difference of phraseology will not be deemed expressive of a different intention. Sutherland on Statutory Construction, § 256." *Westfield Cemetery Association v. Danielson*, 62 Conn., 319–322.

On the whole we are satisfied that the law as to the liability of towns for injuries arising from defective highways, was not changed by the Revision of 1875.

The Superior Court is advised to sustain the demurrer.

In this opinion the other judges concurred.