ANDREW KORZEN, ADMINISTRATOR (ESTATE OF MITCHELL KORZEN) *v.* TOWN OF SOUTHBURY ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

 

Argued October 5th—decided November 1st, 1938.

*Franklin Coeller,* for the appellant (plaintiff).

*John T. Monzani,* for the appellee (named defendant).

AVERY, J. This action was brought to recover damages for the death of the plaintiff's decedent, alleged to have been caused by a defective highway bridge across the tracks of the New York, New Haven and Hartford Railroad Company. The defendants were the town of Southbury, John A. MacDonald, as state highway commissioner, and the New York, New Haven and Hartford Railroad Company. The town of Southbury moved that it be dropped as a party defendant for misjoinder. This motion, after hearing, was granted by the court and judgment entered dropping the town as a party defendant. From this judgment the plaintiff has appealed.

The complaint alleges that on the evening of March 13th, 1937, Mitchell Korzen, the plaintiff's intestate, was riding in an automobile operated by Stephen Betkoski in a southerly direction on the Seymour-Oxford-Southbury Road and that on arriving on that section

of Southbury known as Southford the operator attempted to drive the automobile across an overhead wooden bridge over the tracks of the New York, New Haven and Hartford Railroad Company, when it collided with the railing on the easterly side of the bridge and fell down an embankment, whereby the plaintiff's decedent was killed. The complaint alleged that the Seymour-Oxford-Southbury Road was on that day and for a long time prior a state aid and trunk line highway, and that the bridge was and for a long time had been a part of the state aid and trunk line highway, "and from the northerly and southerly extremity of said wooden bridge there extended in a northerly direction for some considerable distance a black tar road that joined and became a part of a macadam road which continued northerly to Southbury and southerly to Seymour." It was alleged that the wooden bridge was an old one in the center of an "S curve" and higher in elevation than its approach from either the northerly or southerly side, and that the highway was defective at that point because of the contour of the road and also because of the narrowness of the bridge and its construction of wood and because it had an insufficient railing. It is alleged that the defendants were negligent in allowing the bridge to remain in such an unsafe condition and that they thereby maintained a nuisance.

The defendant town of Southbury moved that it be dropped as a party defendant for misjoinder because the complaint alleged that the death of the plaintiff's decedent was caused by reason of the defective layout, construction and maintenance of a state aid and trunk line highway and that the highway commissioner has exclusive jurisdiction over all such highways, and that railroad companies are required to keep in repair all

structures over or under their tracks at highway crossings.

Any right which the plaintiff may have to recover damages from the defendant town must be based upon the statutes. *Lounsbury* v. *Bridgeport*, 66 Conn. 360, 364, 34 Atl. 93. The controlling statutes are these: § 1420, "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . . and, when the injury shall have been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor"; § 1475, The highway commissioner, "except as provided in § 1635, shall exercise exclusive jurisdiction over all highways laid out, constructed, reconstructed or maintained by him, and shall have the same powers relating to the trunk line and state aid system of highways as are given to the selectmen of towns, the mayor and common council of any city and the warden and burgesses of any borough"; § 1510, "State aid and trunk line highways, except as otherwise provided by law, shall be maintained by the highway commissioner and the cost of maintenance, repairs and reconstruction of such highways shall be paid from funds received from the commissioner of motor vehicles." Section 1503 imposes upon the highway commissioner the duty of maintaining bridges except sidewalks on state aid roads. Section 1481 gives a right of action against the highway commissioner to persons injured by defects in state aid highways. Section 3675 requires that "Railroad companies shall keep in repair all structures over or under their tracks at any highway crossing, and the approaches to the crossings when the same are made with planked surface, and shall keep in repair the sur-

face of the highway, including the planking or other surface material of the highway upon such structure."

From these statutes it is evident that under the allegations of the complaint the plaintiff's right of recovery is against either the highway commissioner or the railroad company and that no right exists against the town of Southbury. The complaint does not show any neglect of duty on the part of the town either in the construction or maintenance of the bridge. Although it is alleged that its condition constituted a nuisance, there is no allegation in the complaint that this nuisance was due to any act of the town and arose otherwise than from the negligence of the parties bound to keep the highway in repair. *Hill* v. *Way,* 117 Conn. 359, 363, 168 Atl. 1. The claim that because it was alleged that a black tar road extended for some distance from both extremities of the bridge, the bridge was not part of the state aid highway is untenable in view of the allegation that the bridge was at all the times mentioned in the complaint a part of the state aid and trunk line highway. From the complaint it appears that no cause of action was set up against the town and it was improperly joined as a defendant in the case.

This misjoinder was properly taken advantage of by motion. In the Practice Book, § 65, it is stated, "The exclusive remedy for misjoinder of parties is by motion." *Montgomery* v. *Branford,* 107 Conn. 697, 700, 142 Atl. 574; *Fairfield* v. *Southport National Bank,* 77 Conn. 423, 427, 59 Atl. 513.

There is no error.

In this opinion the other judges concurred.