FRANK D. NATALE ET AL. *v*. WILLIAM J. BURNS, COMMISSIONER OF TRANSPORTATION, STATE OF CONNECTICUT

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW HAVEN | FILE NO. 220514 |
|---|---|---|

Memorandum filed November 20, 1984

*Parrett, Porto, Parese, Pinkus & Colwell,* for the plaintiffs.

*Paul E. Pollock,* for the defendant.

BERDON, J. The named plaintiff, Frank D. Natale, brought this action against the defendant William J. Burns, commissioner of the department of transpor-

tation of the state of Connecticut, for damages as a result of injuries he sustained due to an accident caused by a defective bridge. Frank Natale's wife, the plaintiff Fannie L. Natale, also joined this action seeking damages for loss of consortium. The defendant moves to strike this count for loss of consortium on the grounds of sovereign immunity.

The state is shielded from liability under the doctrine of sovereign immunity unless the state consents to be sued through legislation. *Baker* v. *Ives*, 162 Conn. 295, 298, 294 A.2d 290 (1972). The defendant claims that although the named plaintiff is authorized to pursue his claim under § 13a-144 of the General Statutes, this statute does not authorize the plaintiff Fannie Natale to seek damages against the state for loss of consortium as a result of her husband's injury. It is the defendant's claim that under the doctrine of sovereign immunity a strict construction is required of any statute which authorizes suit against the state.

Even if the court assumes that this anachronistic doctrine of sovereign immunity requires a strict construction of legislation authorizing suit, it surely does not require the court to distort the plain and unambiguous words of the English language. To be sure, if a statute is clear and the language unambiguous, there is no room for construction; *Muha* v. *United Oil Co.*, 180 Conn. 720, 730, 433 A.2d 1009 (1980); and the words of the legislation must be given their plain and ordinary meaning. General Statutes § 1-1 (a).

Section 13a-144 clearly permits the bringing of an action for loss of consortium by the spouse of a person injured as a result of a defective bridge. The pertinent part of § 13a-144 provides as follows: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it

is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court." The plaintiff Fannie Natale is "any person." Loss of consortium is an "injury." *Hopson* v. *St. Mary's Hospital,* 176 Conn. 485, 493, 408 A.2d 260 (1979). The injury was as a result of the defective bridge. Clearly, then, the plaintiff Fannie Natale meets the requirements of the statute, and is authorized under § 13a-144 to maintain this action for loss of consortium.

The defendant relies on earlier cases that state that § 13a-144 authorizes the bringing of a suit only for injury to the person or property of the traveler on the highway. *Frechette* v. *New Haven,* 104 Conn. 83, 88, 132 A. 467 (1926); *Upton* v. *Windham,* 75 Conn. 288, 292, 53 A. 660 (1902). This judicial gloss, however, has no statutory basis. Furthermore,the statutory construction was obiter dictum and adopted long before the Connecticut Supreme Court recognized a cause of action for loss of consortium.

Accordingly, the motion to strike is denied.