The plaintiffs, Dora and Harold Berger bring this action by substituted six-count complaint filed June 25, 1990, against Kenneth J. Kramer and the City of Waterbury. The action arises out of a June 17, 1988 motor vehicle accident in which a vehicle operated by Dora Berger was allegedly struck by a motor vehicle CT Page 3391 operated in a negligent and careless fashion by defendant Kenneth J. Kramer. Dora Berger was seriously injured in the accident.
Counts three, four, five and six are identified as counts against the defendant City of Waterbury; which seeks by this Motion to strike counts four, five and six from the case. Count four asserts a loss of consortium claim on behalf of the plaintiff Harold Berger against the City of Waterbury (arising derivatively from the claim asserted by plaintiff Dora Berger in count three) under the defective highway statute, C.G.S. 13a-149 (rev'd to 1989).
Count five alleges a claim of public nuisance against the City of Waterbury on behalf of plaintiff Dora Berger. It is alleged that the City created and maintained a public nuisance at the intersection where the accident took place by failing to replace a Stop sign (which had been knocked down, removed or was otherwise missing) while continuing to approve and urge the continuous use of the said intersection. Count six is a claim for loss of consortium on behalf of the plaintiff Harold Berger arising derivatively from the public nuisance claim asserted by the plaintiff Dora Berger in count five.
DISCUSSION
The motion to strike functions to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). "(I)n ruling on a motion to strike, the court must construe the facts alleged in the complaint in a manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278 (1988). If facts provable under the allegations would support a cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1979).
I. COUNT FOUR — LOSS OF CONSORTIUM
The Defective Highway Act states in pertinent part that "(a)ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." C.G.S. 13a-149 (rev'd to 1989). The defendant City of Waterbury initially argues in its brief, based upon Lounsbury v. City of Bridgeport, 66 Conn. 360 (1895), that loss of consortium is not an injury "in person or property" and, therefore cannot be recoverable under the defective highway statute. The value of such authority is effected by the holding in Hopson v. St. Mary's Hospital, 176 Conn. 485 (1979) wherein the Connecticut Supreme Court recognized loss of consortium as a compensable injury. Id. at 493.
The specific issue as to whether a loss of consortium claim CT Page 3392 is permitted under 13a-149 has not been subject to appellate decision. It has, however, been addressed on numerous occasions at the trial court level. A split in authority has resulted.
Decisions which have held that a claim for loss of consortium is cognizable under 13a-149 rely upon reasoning found in Natale v. Burns, 40 Conn. Sup. 194 (1984). Interpreting similar statutory language found in C.G.S. 13a-144, Judge Berdon found that a wife of a person who sustained injuries caused by a defective bridge was "any person", that loss of consortium is an injury and that the injury was a result of the defective bridge. Id at 196. The court concludes, "(c)learly, then the plaintiff . . . meets the requirements of the statute, and is authorized under 13a-144 to maintain the action for loss of consortium" Id. See, Tierny v. Burns, 1 Ct. LR 397 (May 21, 1990, Aronson, J.); Kronenfeld v. City of Norwalk, 1 Ct. LR 103 (April 30, 1990, Cioffi, J.); O'Neil v. Burns, 2 CSCR 3 (November 12, 1986, Reynolds, J.); Panicali v. City of New Haven, 3 CSCR 795
(September 13, 1988, Clark, J.).
Those courts which disallow a loss of consortium claim derived from injuries sustained on a defective highway adopt the rationale found in Martin v. City of Waterbury, 4 CSCR 15
(November 14, 1988), McDonald, J.): "A cause of action under Connecticut's defective highway statute, C.G.S. 13a-149, is a statutory right unknown to the common law, Lukas v. New Haven,184 Conn. 205 (1981). As such, the statute must be strictly construed. Edmundson v. Rivera, 169 Conn. 630 (1975). It has long been held that such defective highway statutes protect only the traveler who suffers a direct injury. See Lounsbury v. Bridgeport, 66 Conn. 360 (1895); Frechette v. New Haven, 104 Conn. 83
(1926). Where sovereign immunity is waived, the law requires a strict construction of legislation authorizing suit. See Natale v. Burns, 40 Conn. Sup. 194, 195 (1984). It would, in the court's opinion, impermissibly expand and enlarge the statute to read a loss of consortium into this statute, repeatedly referred to by the Supreme Court as authorizing suit only by "the traveler" on the highway. Id. See, Carser v. City of Waterbury, CV88097655 (October 3, 1990, Murray, J.); Strogie v. City of West Haven,4 CSCR 622 (July 25, 1989); Onofrio v. City of West Haven,3 CSCR 911 (November 2, 1988, Quinn, J.); Porter v. Seymour, 2 CSCR 472
(March 31, 1987, Kulawiz, J.).
The construction of the statute is not complete when it is found that the spouse claiming loss of consortium is a person and that loss of consortium is an injury. The statute requires that the defective highway claimant be injured "in person". This is not the case with this spousal claim. The Motion to strike count four is granted. CT Page 3393
II. Counts Five and Six — Nuisance
Defendant City of Waterbury argues that C.G.S. 52-557n
specifically precludes the bringing of a nuisance action against a municipality for a highway defect. Further, defendant asserts that section 52-557n makes section 13a-149 the exclusive remedy for the bringing of a defective highway claim. Plaintiffs disagree. C.G.S. 52-557n states in relevant part: "(a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law. Id. (Emphasis added).
It is submitted that no appellate authority exists to guide this court in the resolution of the particular issue raised by the motion to strike the fifth and sixth counts. Nevertheless, a number of recent Superior Court decisions have addressed this issue resulting in a split of authority.
In Tessitore v. City of Milford, 2 Ct. LR 234 (September 17, 1990, Hartmere, J.) the court found that the restriction in section 52-557n precluded any claim for injuries caused by a defective highway other than under the Defective Highway Act. The court relied on the following authority in support of its decision: "Municipalities do, in certain circumstances, have a governmental immunity from liability." Murphy v. Ives, 151 Conn. 259,264 (1963). A cause of action against a municipality for a defect in a highway "is a pure creation of statute, wholly unauthorized by the common law." Wethersfield v. National Fire Insurance Co., 145 Conn. 368, 371 (1958). "(G)overnmental immunity would attach if it were not for the liability for a defect in a highway created by the statute." Parker v. Hartford,122 Conn. 550, 504 (1937). Id, at 235-36. CT Page 3394
Other decisions such as Francois v. City of Norwalk,1 Ct LR 121 (April 30, 1990, Lewis, J.). also bar a common law nuisance by finding clear directive on the face of the statute. See, Backer v. New Haven, 4 CSCR 784 (October 11, 1989, Hadden, J.).
In Kronenfeld v. City of Norwalk, 1 Ct LR 103 (April 30, 1990, Cioffi, J.) Judge Cioffi, based upon a reading of section 52-557n (a)(i)(c), drew a distinction between positive acts which create a nuisance and a defective condition in a highway not created by positive acts; "The distinction between positive acts which create a nuisance and a defective condition in a highway not created by positive acts of the municipality is preserved in52-557n. A plain reading of 52-557n reveals that the common law nuisance action remains: "(A) political subdivision of the state shall be liable for. . . acts of the political subdivision which constitute the creation or participation in the creation of a nuisance." Because of the close relationship between nuisance and defects, See Bacon, 126 Conn. at 406-07, the provision in 52-557n
that no cause of action shall be maintained for a defective road except pursuant to 13a-149 is a clarification of the scope of the nuisance action. The nuisance cause of action does not intrude into the traditional scope of the defective highway statute, and13a-149 remains the exclusive remedy for defects not caused by positive acts of the municipality. Id. at 104.
Judge Koletsky in Stevens v. City of New Haven, 1 Ct LR 483
(July 16, 1990, Koletsky, J.) echoes the interpretation of52-557n found in Kronenfeld. Following extensive discussion of statements and comments in the legislative history, the court held that "the plaintiffs may bring a nuisance action contemporaneously with an action under the defective highway statute, so long as they allege positive acts by the municipality which created the nuisance." Id. at 487. See, Testa v. City of Waterbury, No. 092104 (October 5, 1990, Murray, J.) In the instant case the plaintiffs have alleged such positive acts in the fifth count substituted complaint.
The court finds the language of C.G.S. 52-557n(a)(1) unambiguous. It's reference to "acts of the political subdivision" which create or participate in the creation of a nuisance; would encompass allegations of positive acts. Thus, acts would include positive acts by the municipality creating nuisance; for which "no cause of action shall be maintained . . . except pursuant to 13a-149." The legislative history relied upon in reaching a contrary interpretation, is not at all explicit as to a meaning which would be so at odds with the ordinary clear meaning of the language of the statute. Our focus must be on what the legislature has actually said. Daly v. New Britain Machine Co. 200 Conn. 562, 571 (1986), Gomeau v. Forrest176 Conn. 523, 526 (1979). The term "shall" refers to a mandatory CT Page 3395 requirement. Hossan v. Hudiakoff, 178 Conn. 381, 383 (1979). For the courts to interpret the statutory mandate "no cause of action shall be maintained . . . except pursuant to 13a-149" to allow the maintenance of a common law nuisance action for a defective highway claim is an act of judicial reformation of legislative action. The clear expression of legislative judgment must be followed. Counts five and six are ordered stricken.
McWEENEY, J.