[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff Richard Bassin and his wife for personal injuries and loss of consortium arising out of a fall near the Stamford Railroad Station. There are two defendants, the City of Stamford and the Connecticut Department of Transportation (DOT), both of which are described as having a "duty to maintain" the area where a "raised manhole in the center of the street" is alleged to have caused the plaintiff to trip and fall. The notice to DOT, which this defendant claims is defective and inadequate and fails to comply with the requirements of General Statutes 13a-144, is as follows: "(The plaintiff) tripped on a raised sewer hole at the Stamford Railroad Station on South State Street" and that the plaintiff "was exiting the railroad station on the Southbound side. He was going to the taxi stand to take a taxi . . ." CT Page 4769
Paragraph 9 of the first count against the City refers to South State Street as a public road within the territorial limits of the City of Stamford. The complaint against DOT is in two counts. Paragraph 3 of the third count claims "negligence" but asserts that the DOT was "the record owner of the Stamford Railroad Station, including the area where the plaintiff fell and as such, had a duty to maintain that area under General Statutes13a-144." The fourth count, which is also against DOT, says that the plaintiff's injuries were caused "by a breach of statutory duty" although no statute is referred to as such. Paragraph 10a of this count states that DOT "was the owner of the above mentioned property," referring to the area where the plaintiff fell and then again referring to negligence in paragraph 11 of the same count. DOT seeks a summary judgment (#124) in its favor on several grounds. The first is that the notice is defective. The second is that the wife's claim for loss of consortium is not authorized in a highway defect case. The third assertion, which I believe is dispositive of this motion, is that the place of the fall was not within the jurisdiction of DOT. A fourth ground could have been added as to count three to the effect that only a statutory action pursuant to General Statutes13a-144 is permitted against the DOT for a highway defect, not common law negligence. Donnelly v. Ives, 159 Conn. 163, 166,268 A.2d 406 (1970).
Firstly and parenthetically, I agree that the notice previously quoted was defective under the authority of Ozmum v. Burns, 18 Conn. App. 677, 681, 559 A.2d 1143 (1989). This case reiterates earlier holdings that if a notice "patently" fails to meet the requirements of the statute, then it can be ruled on as a matter of law, and I believe that the notice in this case falls within this category.
I further agree that there is no cause of action on behalf of Mrs. Bassin for loss of consortium under these circumstances. Lounsbury v. Bridgeport, 66 Conn. 360, 364, 365, 34 A. 93 (1985), in referring to the similar statute involving defects in municipal highways, held that loss of consortium was not an injury "in person or property" and was therefore not recoverable under defective highway statute.
The motion for summary judgment, however, is granted for the reason that the plaintiff failed to refute the two affidavits submitted by DOT to the effect that the area where the fall occurred is not under the control or jurisdiction of DOT. These two affidavits are from Louis Malerba and Donald Doherty. Mr. Malerba is the maintenance manager in the office of the Bureau of Highways for the area of this state including Stamford. His affidavit indicates that South State Street is not a state highway or part of the maintenance responsibility of DOT, and CT Page 4770 that the Stamford Railroad Station property is not maintained by this defendant. Mr. Doherty is the assistant director of rail operations for DOT and states that the reconstruction of the Stamford Railroad Station area including South State Street where this accident evidently occurred was under the supervision of the Federal Railroad Administration, and was not the responsibility of the DOT.
The plaintiff's affidavit simply repeats that while walking across South State Street to the taxi stand he tripped over a raised manhole in the center of the street.
A court may render summary judgment if the pleadings, affidavits and other proof indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384. "The movant has the burden of showing the nonexistence of such issues . . . (while) the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,579, 573 A.2d 699 (1990). See also Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148,574 A.2d 1298 (1990).
I think it is clear that the plaintiffs did not successfully refute the affidavits by the DOT employees that the area of South State Street where the plaintiff tripped and fell was not within the jurisdiction of the defendant DOT, which is a predicate for this defendant's liability. As stated in Cairns v. Shugrue, 186 Conn. 300, 310, 441 A.2d 185 (1982), ". . . the plain meaning of 13a-144 [is] that, if the commissioner of transportation has a legal duty to maintain a particular highway, he is subject to liability for injuries occurring thereon which are caused by negligence in performing that duty." See also Williamson v. Commissioner, 209 Conn. 310, 313, footnote 2 (question #1), 551 A.2d 704 (1988).
It follows therefore, that since since the commissioner had no duty or responsibility to maintain the area of South State Street near the Stamford Railroad Station, the defendant DOT may not be held liable under General Statutes 13a-144, or any other basis, and accordingly its motion for summary judgment is granted.
SO ORDERED.
Dated at Stamford, Connecticut this sixth day of December 1990.
LEWIS, JUDGE CT Page 4771