[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 20, 1991, the plaintiffs, Theresa Mullen and her husband Daniel Mullen, filed a five count complaint in which they allege that a car driven by plaintiff Theresa Mullen was involved in a collision with a state-owned car, driven by John Barth, a state employee. It is alleged that the collision was caused by the negligence of both the state and Barth. It is further alleged that plaintiff Theresa Mullen suffered physical injuries. The plaintiffs seek damages, including loss of consortium damages, by Daniel Mullen.
On November 12, 1991, the defendants filed a motion to strike the complaint and a memorandum of law in support thereof.
In an objection to the motion to strike dated November 25, 1991 and a supporting memorandum, the plaintiffs withdrew their complaint except as to counts two and four, in which plaintiff Daniel Mullen seeks loss of consortium damages against the defendant State.
The defendant State argues that a loss of consortium claim cannot be raised against it, because the State has waived immunity for injuries caused by a state employee's negligent operation of a motor vehicle only in General Statutes 52-556, and this statute allows "[a]ny person injured in person or property" to maintain a cause of action against the State. This defendant argues further that since the Connecticut Supreme Court has construed identical language in General Statutes13a-149 to preclude loss of consortium damages, this statute also preclude loss of consortium damages.
The plaintiffs argue that General Statutes 13a-144 also uses the "[a]ny person injured in person or property" language, and, in construing this statute in Natale v. Burns, 40 Conn. Sup. 194
(1984, Berdon, J.) the court included loss of consortium damages. CT Page 1378
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). The motion to strike admits all fact well pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp.,203 Conn. 34, 37, 522 A.2d 1235 (1987). The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988).
General Statutes 52-556 states that "[a]ny person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury."
No Connecticut appellate-level decisions directly address whether General Statutes 52-556 permits recovery for loss of consortium damages.
General Statutes 13a-149, the defective highway statute, uses the same words as 52-556 to limit the class of: plaintiffs entitled to recover under the statute: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ."
The Connecticut Supreme Court has recently stated that loss of consortium damages are not available under 13-149.
 [I]n providing that `no cause of action' shall be maintained in nuisance or negligence that might brought under the highway defect statute, the legislature eliminated the victim's spouse's right to recover for loss of consortium . . . Section 13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured `traveler'.
Sanzone v. Board of Police Commissioners, 219 Conn. 179,198-199, ___ A.2d ___ (1991).
Hence, the application of the same construction to General Statutes 52-556 would preclude the recovery of loss of consortium damages.
For the above reasons, the motion is granted. CT Page 1379
Burns, J.