[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Lewis J. Busconi and Lion Construction Co., Inc., bring foreclosure actions in counts one and two of their complaint against the defendants, Luxury Property, Inc. ("Luxury") and Brandy Incorporated-Milford ("Brandy"), respectively, record owners of two parcels of property upon which judgment liens were filed by the plaintiff in accordance with an arbitration award entered on February 11, 1987.
On December 16, 1992, Luxury and Brandy each filed an answer and special defenses to the complaint. On November 15, 1993, the plaintiffs filed a motion for summary judgment, accompanied by a memorandum of law, against Luxury and Brandy. On January 10, 1994, the plaintiffs filed an affidavit and documents in support of their motion for summary judgment. On January 10, 1994, Luxury and Brandy, filed a memorandum of law in opposition to the plaintiffs' motion for summary judgment, accompanied by an affidavit and supporting documents. CT Page 1256
Practice Book 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lees v. Middlesex Ins. Co., 219 Conn. 644, 650,594 A.2d 952 (1991). "In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties. Practice Book 384." Orticelli v. Power, 197 Conn. 9, 15, 495 A.2d 1023 (1985).
Collateral estoppel, like res judicata, must be specifically pleaded as an affirmative defense. Carnese v. Middleton, 27 Conn. App. 530,537, 608 A.2d 700 (1992); Practice Book 164. Collateral estoppel must be specially pleaded before it may be raised as a basis for a summary judgment motion. See Engman v. Laschever, 9 Conn. L. Rptr. 312, 313 (June 28, 1993, Hennessey, J.) (holding that statute of limitations defense must be specially pleaded before it may be raised as basis for summary judgment). The failure to file a special defense may be treated as waived where the opposing party fails to make appropriate objection to the evidence and argument offered in support of that defense. Carnese v. Middleton, supra. See Tedesco v. Stamford, 215 Conn. 450, 462-63,576 A.2d 1273 (1990), Pepe v. New Britain, 203 Conn. 281, 286,524 A.2d 629 (1987).
In their memorandum of law in support of the motion for summary judgment, the plaintiffs argue that collateral estoppel bars the defendants from raising issues that have been fully adjudicated in another court, and thus the plaintiffs are entitled to judgment as a matter of law. In their memorandum of law in opposition to the motion for summary judgment, Luxury and Brandy maintain that the plaintiffs are not entitled to rely on the doctrine of collateral estoppel as a ground for summary judgment because collateral estoppel was not specially pleaded. Luxury and Brandy maintain further that whether a valid and final judgment of another court was rendered remains a question of fact in the present case, and thus the plaintiffs are not entitled to judgment as a matter of law.
The plaintiffs have failed to specially plead collateral estoppel. Furthermore, the plaintiffs' failure to specially plead collateral estoppel was not waived by Luxury and Brandy. Therefore, the plaintiffs' motion for summary judgment is denied. CT Page 1257
The Court
By Curran, J.