[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: #131 DEFENDANT'S MOTION TO STRIKE
On August 15, 1994, the plaintiff, the City of Milford, filed a four count amended foreclosure action against the defendants, Anthony and Gloria Andresakis, for unpaid taxes allegedly owed on real estate of which the defendants are the record owners. The plaintiff further names the following parties, pursuant to Practice Book § 186, as additional defendants in its amended complaint: South Central Connecticut Regional Water Authority, Small Business Administration, Shawmut Bank Connecticut, New England Water Heater Co., Inc.
On August 17, 1994, the Andresakis' filed a motion to dismiss and request for stay along with a supporting memorandum of law and supporting documents. By memorandum of decision dated December 20, 1994, this court denied the defendants' motion to dismiss and request for stay.
On June 19, 1995, the defendants filed a motion to strike based on the ground that the additional parties named in the foreclosure complaint have been improperly joined. The defendants argue that a ruling in federal court, in Andresakis v. City ofMilford, Civil No. 3:93-CV-98 (JAC), regarding the joinder of these same parties has collateral estoppel or res judicata effect on the present foreclosure action. The plaintiff in the present action filed a memorandum in opposition on July 5, 1995. In a supplemental memorandum of law filed July 25, 1995 (entitled "Affirmation and Exhibits in Support of Motion to Strike"), the defendants raise additional grounds in support of their motion to strike; the defendants move to strike the fourth count of the plaintiff's complaint, and as far as this court can gather, the motion is based on res judicata and collateral estoppel grounds regarding dismissal of a counterclaim and a stipulation of dismissal in the federal case. The plaintiff also filed a supplemental memorandum of law on August 4, 1995, in reply to the CT Page 12184 defendants' supplemental memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., supra, 214-15. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Construction, Inc.v. Fusco Corp. , 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182,415 A.2d 771 (Super.Ct. 1979). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 214-15.
In contrast, a motion for summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994); see also Wadia Enterprises,Inc. v. Hirschfeld, 224 Conn. 240, 246-47, 618 A.2d 506 (1992);Starkweather v. Patel, 34 Conn. App. 395, 400, 641 A.2d 809 (1994);Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 382-83,635 A.2d 1232 (1994). "While it is improper for a plaintiff to move for summary judgment on a special defense, a defendant may properly move for summary judgment as to the complaint, based upon the allegations of a special defense." (Citations omitted.) AetnaLife Casualty v. Mark, 9 Conn. L. Rptr. 402, 403 (July 21, 1993, Hennessey, J.).
The defendants' motion to strike (# 131), dated June 9, 1995, raises the issue of misjoinder of additional parties. "The exclusive remedy for misjoinder of parties is by motion to strike." Practice Book § 198; Korzen v. Southbury, 124 Conn. 674, 678,2 A.2d 218 (1938); see also State v. Exxon Corp. , 2 CSCR 63, 64
(November 26, 1986, Noren, J.). The additional parties joined by CT Page 12185 the city of Milford are proper parties to this foreclosure action; all prior and subsequent encumbrancers must be made defendants in a foreclosure action. Practice Book § 186.
Furthermore, the determination that these same additional parties were not "necessary" in the prior federal action does not have collateral estoppel effect in this foreclosure proceeding. Taking judicial notice of Judge Cabranes' ruling in the federal case on the City of Milford's motion to join, this court notes that the federal court dismissed the foreclosure counterclaim of the defendant City of Milford because 28 U.S.C. § 1341 bars a federal court from litigating the issue of a tax collection under state law. Thus, the encumbrancers were not "necessary" parties.
For the reasons set forth above, the defendants' motion to strike based on the ground of misjoinder of the additional parties to the foreclosure action is denied.
The defendants' supplemental memorandum of law (#132) (entitled "Affirmation and Exhibits in Support of Motion to Strike"), dated July 14, 1995, raises additional grounds not apparent on the face of the motion to strike (#131) dated June 9, 1995.[1] It appears, however, that the defendants' have continued their motion to strike in the supplemental filing and have fused together their motion and memoranda of law.[2]
Nevertheless, the defendants' additional grounds of collateral estoppel and res judicata have been improperly raised by this motion to strike. "Res judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed." Labbe v. PensionCommission, 229 Conn. 801, 816, 643 A.2d 1268 (1994). "`Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata.'" Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 712, 627 A.2d 374 (1993), quoting Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "[T]here is no reason why . . . once the [special] defense of res judicata has been raised the issue may not be resolved by way of summary judgment." Labbe v. Pension Commission, supra, 816. Collateral estoppel, like res judicata, must be pleaded as a special defense. Carnese v. Middleton, 27 Conn. App. 530, 535,608 A.2d 700 (1992).
A motion to strike is not the proper method by which to raise CT Page 12186 the issue of res judicata and collateral estoppel. StatewideGrievance Committee, 216 Conn. 127, 137 n. 3, 577 A.2d 1054 (1990). Generally, res judicata must be specially pleaded; Tucker v. PaceInvestment Associates, 32 Conn. App. 384, 391, 629 A.2d 470 (1993); and then it can be raised properly by a motion for summary judgment. Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 712. Likewise, "[c]ollateral estoppel must be specially pleaded before it may be raised as a basis for a summary judgment motion."Busconi v. Dighello, 9 CSCR 238 (February 7, 1994, Curran, J.); seeCarnese v. Middleton, supra, 27 Conn. App. 537.
In addition, the motion to strike in this case is not proper because it is a "speaking" motion to strike. "The motion to strike cannot be opposed by facts outside the attacked pleadings."Gildersleeve v. Trumbull, 12 Conn. L. Trib. 31 (December 20, 1985, Maiocco, J.). The court, "cannot be aided by the assumption of any facts not therein alleged [in the complaint]." Liljedahl Bros., v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "A `speaking' motion to strike (one imparting facts outside of the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, ___ A.2d ___ (1995). "Annexation of an agreement to it or alleging affirmative matter makes it the equivalent of a `speaking motion to strike,' which is not proper. The court cannot consider such extraneous material on a motion to strike." Connecticut State OilCo. v. Carbone, supra, 36 Conn. Sup. 182-83. All of the exhibits and documents submitted by the defendants are extraneous material which the court cannot consider on a motion to strike.
The defendants' motion to strike based on collateral estoppel or res judicata is denied based on procedural grounds.[3]
Even if this court were to consider the motion to strike[4]
based on the claims of res judicata and collateral estoppel the court nevertheless denies the motion to strike. This is so becauseAndresakis v. City of Milford was brought in federal court for breach of contract, fraud and negligence, and the present foreclosure action was brought to recover monies owed for nonpayment of property taxes. This court's prior ruling, dated December 20, 1995, on the defendants' motion to dismiss and stay of proceedings found that the present foreclosure action and the defendants' prior action against the city of Milford were not "sufficiently similar." (Memorandum of Decision, p. 7). The court still finds that the two actions are not sufficiently similar.
"Under Connecticut law, collateral estoppel, or issue CT Page 12187 preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted; emphasis added; internal quotation marks omitted.) Mulligan v. Rioux,229 Conn. 716, 751, 643 A.2d 1226 (1994). "An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." (Citations omitted.) Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 714. In addition, "[b]efore collateral estoppel applies there must be an identity of issues between the prior and subsequent proceedings. To invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding. (Emphasis added.) Crochiere v. Board ofEducation, 227 Conn. 333, 345, 630 A.2d 1027 (1993). Here, the two actions are not even sufficiently similar, much less identical.
Furthermore, in the prior action in federal court the City of Milford's counterclaim for foreclosure was dismissed. Hence, the counterclaim was not actually litigated in the prior action and could not be the basis for collateral estoppel. State v. Ball,226 Conn. 265, 276, 627 A.2d 892 (1993); see also Aetna Casualty Ins.Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991).
Likewise, the "General Release" does not purport to release the Andresakis' for any claims against them for any unpaid property taxes. Therefore, the "General Release" has no collateral estoppel effect.
The motion to strike is denied in its entirety.
The Court
By Curran, J.