[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#118)
On October 30, 1989, the plaintiffs, Joseph and Jane Krupien, filed a four count amended complaint against the defendants, the Town of Bethany (Town); Newton Borgerson (Borgerson), Commissioner of the Planning Zoning Commission for the Town; Eric L. Stone (Stone), Chairman of the Inland Wetlands Commission for the Town; and John Ford (Ford), Selectman of the Town.
According to the facts alleged in the complaint, the plaintiffs are owners of land located at 286 Bear Hill Road, Bethany, Connecticut. During the period from September 14, 1987 through September 20, 1987, the Town entered upon the land of the defendants for the purpose of conducting a drainage project. This action by the Town and its officers allegedly caused damage to the property of the plaintiffs and caused Jane Krupien to suffer stress-related injuries.
Count one of the complaint alleges that Borgerson's failure to comply with applicable Zoning and Inland Wetlands Regulations of the Town contributed to the destruction of the plaintiffs' property and to-the stress-related illness of Jane Krupien. Count two alleges that Stone's failure to comply with applicable Inland Wetlands Regulations contributed to the destruction of the plaintiffs' property and to the stress- related illness of Jane Krupien. Count three alleges that Stone ejected Jane Krupien from a meeting of the Inland Wetlands Commission, in violation of her right to free speech under the First Amendment of the United States Constitution. Count four alleges that Ford's failure to give notice of the drainage project to the plaintiffs, and his failure to obtain permits for the project from both the Planning Zoning Commission and the Inland Wetlands Commission, caused the destruction of the plaintiffs' property and contributed to CT Page 14407 the stress-related illness of Jane Krupien.
The plaintiffs seek damages for the destruction of their property; damages for injuries caused by the defendants' failure to follow applicable municipal regulations; damages for violation of Jane Krupien's constitutional rights; reimbursement for medical; expenses incurred by Jane Krupien as a result of her stress-related illness; punitive damages against all defendants; and such other relief in law or equity to which they may be entitled.
On June 5, 1995, the defendants filed a motion for summary judgment on the first, second and fourth counts of the amended complaint. The defendants contend that the claims asserted in counts one, two and four were litigated in Krupien v. Town ofBethany, CV-88-0278666S (Krupien I), and are barred by the doctrine of collateral estoppel.
On June 7, 1995, the plaintiffs filed a memorandum in opposition to the motion for summary judgment. The plaintiffs object to the motion on two grounds. First, the plaintiffs contend that the constitutional claims raised in Krupien I were "deferred to the present litigation by the presiding judge." (Plaintiffs' Memorandum in Opposition to Motion for Partial Summary Judgment, June 7, 1995, p. 1).[1] Secondly, the plaintiffs maintain that the defendants failed to annex the relevant pleadings from Krupien I in support of its motion. Accordingly, they argue that the defendants have not met their burden of proving that there is no genuine issue of material fact that the issues raised in this action were raised in Krupien I.[2]
Summary judgment shall be rendered "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.d 507 (1994). The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.). Id.
A party opposing summary judgment must substantiate its adverse claim by establishing that there is a genuine issue of material fact and by presenting evidence disclosing such an CT Page 14408 issue. Id.; see also 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 567,636 A.2d 1377 (1994).
Once it is determined that there is no genuine issue of material fact the next question is whether the moving party is entitled to judgment as a matter of law. Bartha v. WaterburyHouse Wrecking Company, Inc., 190 Conn. 8, 11, 459 A.2d 115
(1983). In ruling on a summary judgment motion, the court is "obligated to accept as true all well pleaded facts . . . and to determine whether the . . . claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery." Suarez v. Dickmont Plastics Corp.,
supra, 229 Conn. 110.
The defendants argue that both the doctrine of res judicata and the doctrine of collateral estoppel preclude the plaintiffs from bringing the claims asserted in counts one, two and four. Res judicata, or claim preclusion, "prevents a litigant from reasserting a claim that has already been decided on the merits." (Internal quotation marks omitted.). Scalzo v. Danbury, 224 Conn. 124,127, 617 A.2d 440 (1992). "Under claim preclusion analysis, a claim — that is, a cause of action — includes all rights of the plaintiffs to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." (Internal quotation marks omitted.). Id., 128. In contrast, collateral estoppel, or issue preclusion, "is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." Id. The doctrine of collateral estoppel is most appropriately applied in this action.
A motion for summary judgment may be filed to claim an action is barred under the doctrine of collateral estoppel. Jackson v.R.G. Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1995) (stating that "[b]ecause res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata.").
Collateral estoppel must be specifically pleaded by a defendant as an affirmative defense. Carnese v. Middleton,27 Conn. App. 530, 537, 608 A.2d 700 (1992); Practice Book § 164. Furthermore, "[c]ollateral estoppel must be specially pleaded before it may be raised as a basis for a summary judgment CT Page 14409 motion." Busconi v. Dighello, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 036160S (February, 7, 1994, Curran, J., 9 CSCR 238).
The defendants in the present action have failed to plead collateral estoppel as a special defense. See Defendants' Answer to Amended Complaint, November 18, 1991. The defendants' failure to plead a special defense, however, "may be treated as waived where the plaintiff fails to make appropriate objection to the evidence and argument offered in support of that defense."Carnese v. Middleton, supra, 27 Conn. App. 537; Pepe v. NewBritain, 203 Conn. 281, 286, 524 A.2d 629 (1987). Since the plaintiffs have neither objected to the defendants' failure to plead nor objected to the motion for summary judgment on this ground, the plaintiffs have waived the requirement. Mascia v.Faulkner, Superior Court, judicial district of New Haven, Docket No. 349036 (April 19, 1994, Fracasse, J.); Schiff v. Williams,
Superior Court, judicial district of New Haven, Docket No. 267512 (February 7, 1991, Dorsey, J.). Accordingly, the court may reach the merits of the defendants' collateral estoppel argument.
As previously stated, "[c]ollateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated
and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairlylitigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citation omitted; internal quotation marks omitted.).Jackson v. R. G. Whipple, Inc., supra, 225 Conn. 714.
"An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." Jackson v. R. G. Whipple, Inc., supra,225 Conn. 714, citing 1 Restatement (Second), Judgments § 27, comment (d) (1982). "An issue is necessarily determined if, `in the absence of a determination of the issue, the judgment could not have been validly rendered." Id., 714 -15, quoting F. James 
G. Hazard, Civil Procedure (3d Ed. 1985) § 11.19.
Krupien I was an action between the same parties upon the same or similar claims as those in the present action.[3] InKrupien I, the plaintiffs filed a complaint against the Town for alleged injuries arising out of the drainage project. Krupien I
CT Page 14410 went to trial in 1992, and the jury returned a plaintiffs' verdict.[4] The jury found that the Town trespassed on the plaintiffs land, illegally erected a structure thereon in violation of the United States Constitution; and inflicted severe emotional distress on Jane Krupien. (Interrogatories to the Jury, April 6, 1992). The jury awarded $4,000 on Jane Krupien's emotional distress claim; $10 on the trespass claim; $0 on the destruction of property claim; and punitive damages. (Interrogatories to the Jury, April 6, 1992).
In counts one, two and four of the present action, the plaintiffs state claims against the Town and its officials for violation of municipal ordinances applicable to the drainage project. The plaintiffs seek damages for destruction of their property allegedly caused by the violations; reimbursement for Jane Krupien's medical expenses; and punitive damages.
Virgo v. Lyons, 209 Conn. 497, 551 A.2d 1243 (1988) controls this case. In Virgo, the court addressed the issue of whether the plaintiff was "collaterally estopped by an award of damages in a previous federal § 1983 action from recovering damages in the Superior Court for negligence and assault and battery." Id., 498. The court affirmed the trial court's grant of summary judgment for the defendant on the ground that the plaintiff's state law tort claims, although not specifically litigated in the federal action, were barred under the doctrine of collateral estoppel because the issue of damages had already been determined in federal court. Id., 500.
The issue of damages raised in counts one, two and four of the present action were determined in Krupien I. The claims asserted in both actions arose out of the same set of operative facts. The damage to the property, the damages for trespass and the damages for Jane Krupien's stress-related injuries were raised in the pleadings and submitted to the jury in Krupien I.
Thus, the issue of damages was actually litigated and necessarily determined in that action and the plaintiffs are barred from raising the same issues in the present action. It is well-settled that one cannot be compensated twice for the same injuries. Virgov. Lyons, supra, 209 Conn. 510. Accordingly, the defendants' motion for summary judgment on counts one, two and four is granted on the ground that there is no genuine issue of material fact and that the defendants are entitled to summary judgment as a matter of law under the doctrine of collateral estoppel. CT Page 14411
Joseph A. Licari, Jr., Judge